SKELTON *v.* BARNETT.

(*Nashville*, December Term, 1949.)

Opinion filed March 17, 1950.

C. L. BOYD, of Waynesboro, for complainant.

Ross & Ross, of Savannah, for defendant.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This suit had its origin in the county court of Wayne County in which A. H. Skelton filed his original petition against Albert Barnett purporting therein to contest the election of the defendant to the office of Justice of the Peace. The petition consisted of 21 typewritten pages and charged that the election for the office of Justice of the Peace of the First Civil District was fraudulent and void and should be so declared. Both complainant and the defendant were candidates, the latter receiving a substantial majority in the election. It would unduly prolong this opinion for us to give a detailed statement of all the frauds alleged to have been committed in said election. Following a recitation of illegal actions and practices by many persons not named, and the election officials, it charges that these violators of the law are immune from criminal prosecution ''because of their prominence and because of the general apathy on the part of Courts and juries to prosecute, indict, try, and convict'', and that such practices exist in other counties of the State to the shame of the general pubilc. The petition concludes with the following averment: ''Petitioner now states that this suit is not brought by him in his private right as a candidate, and to recover the office in question, because he was elected to such office, but it is brought by him as a citizen to redress a public wrong.''

The petition prays that the court declare the entire election for Justice of the Peace ''illegal and void'' and

for a decree "adjudging that there is a vacancy in the office" and that this fact be certified to the Commissioners of Elections to the end that a new election be held "without delay". The county judge was disqualified from hearing the case and transferred it to the chancery court of Wayne County.

The defendant filed a demurrer to the petition upon numerous grounds. The first ground of the demurrer goes to the very heart of the question before us and reads as follows: "Because the petition, in its statements and allegations, is wholly insufficient for petitioner to be granted any relief of any character".

The third ground challenges the sufficiency of the petition as follows: "The petition shows on its face, that the petitioner does not insist or contend that he was elected at said election, but that defendant cannot claim title to the office, although duly and regularly elected by a majority of the votes cast . . . that the election was void." The Chancellor sustained the demurrer upon the foregoing grounds and other grounds and dismissed the bill.

While the petitioner asks that the suit be treated as an "election contest" it cannot be so treated for the reason that he is not before the Court claiming any relief as a contestant for the office. Conceding as we must that all the allegations in the petition are true it does not follow that the suit can be prosecuted merely for the vindication "of a public wrong". *Jared* v. *Fitzgerald,* 183 Tenn. 682, 195 S. W. 2d 1. While this case was brought for a declaratory judgment it was held on the authority of *Patton* v. *City of Chattanooga,* 108 Tenn. 197, 65 S. W. 414, and other cases, that the complainants were not en-

titled to relief because they had suffered no injury that was not common to all citizens.

If, as a result of the gross frauds alleged to have been committed in the instant case, the public at large in Wayne County and especially in the town of Waynesboro suffered an injury, it is one that is common to every citizen and it cannot be corrected or repaired in an action brought by any private citizen. Neither the county judge nor the chancery court has jurisdiction of such proceedings.

The case at bar is not analogous to *State ex rel. Davis* v. *Kivett,* 180 Tenn. 598, 177 S. W. 2d 551. In that case the State of Tennessee on relation of John P. Davis, who was a candidate for county judge in the general election, filed a bill in the chancery court against J. Kyle Kivett, the successful candidate, and also against the County Election Commission, to have the election annulled and declared void for fraud. The relator did not seek to have himself installed as county judge, "but for the general welfare". The present action is in the nature of a *quo warranto* proceeding just as *State ex rel. Weaver* v. *Maxwell,* 189 Tenn., 183, 224 S. W. 2d 832. It is not maintainable at the instance of a private citizen, but must be brought on relation of the State of Tennessee. There is no case in the books so far as we have been able to find wherein an individual citizen is permitted to file a bill seeking to have an election declared void upon any ground. Since the complainant in the instant case seeks no relief whatever for himself he is not permitted to challenge the result of the election solely upon the ground that he seeks to "redress a public wrong".

We find no error in the decree of the Chancellor, and it is accordingly affirmed.

All concur.