BILL MATHIS *et al.*

*v.*

JESSE E. YOUNG.

(*Nashville,* December Term, 1955.)

Opinion filed April 27, 1956.

Rehearing Denied June 8, 1956.

P. J. ANDERSON and G. D. ANDERSON, Gainesboro, for Mathis.

W. C. ANDERSON, Gainesboro, for V. V. Crabtree, Earl McCawley and Louis F. Parker, Election Commissioners.

GEORGE B. HAILE, Cookeville, LEWIS S. POPE, Nashville, for appellee.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

Petition for contest of election was filed in the Circuit Court of Jackson County by Jesse E. Young against respondent Bill Mathis, as one of the candidates for the office of Sheriff, and the three Election Commissioners were made parties defendant. Bill Mathis filed a demurrer and the three Election Commissioners filed their demurrer to the petition, both of which were by the Judge overruled, whereupon answers were filed by the respondents, the cause was heard by the Court, after which the election was declared void and Jesse E. Young was declared entitled to the office as a "holdover" as present incumbent of the office of Sheriff of said Jackson County.

Bill Mathis and the Election Commissioners have appealed and assigned error. We discuss first the alleged error of the Court in overruling the demurrers of the respondents. The demurrers and the assignments of error are to the effect that the petition shows on its face that it seeks to recover a private right, that is, to obtain the judgment of the Court to the effect that the contestant was elected to the office rather than Bill Mathis, but that taking the facts alleged in the bill as true, as we must in considering the demurrer, those allegations render the election invalid. Further, that the petition shows on its face it was not made in the alternative nor was there a prayer in the alternative.

Before examining the petition it may be well to state it is well established that, while a private citizen

who seeks no relief for himself cannot contest an election solely upon the ground that he seeks to redress a public wrong as held in *Skelton v. Barnett,* 190 Tenn. 70, 227 S.W.2d 774, in that such a contest is in the nature of a *quo warranto* proceeding and must be filed in the name of the State, yet a contest for the purpose solely of having the election declared void may be filed by either an incumbent, the inducting court, or the unsuccessful candidate, as held in *Adcock v. Houk,* 122 Tenn. 269, 275, 122 S.W. 979; *Hollis v. State ex rel. Vaughan,* 192 Tenn. 118, 237 S.W.2d 952.

■ We think an inspection of the bill, however, discloses that it was filed by Young not solely as the incumbent in office seeking to have the entire election declared void, but for the purpose of having the election in the 6th District declared void and after this District had been voided, to have the Court declare him to be the regularly elected Sheriff of the County.

It is true that in the caption of the bill Young describes himself as ''present incumbent of the office of Sheriff of Jackson County, Tennessee, and a citizen and taxpayer of said County''. Yet nowhere else in the bill does he refer to his status as an incumbent.

The petition states that he brings this contest challenging the validity of the vote cast in the 6th Civil District on August 5, 1954, in the regular election, that he was the duly qualified candidate for the office of Sheriff as were also Bill Mathis and two others. He then makes the following allegation: ''By the official tabulation of the vote cast in the regular election of August 5, 1954 the petitioner received in said 6th District 184 votes. The defendant Bill Mathis was accredited with 229 votes, and

the official tabulation for said regular election for the entire County of Jackson accredited the defendant Mathis with 2,338 votes, and the petitioner, Jesse E. Young with 2,306 votes, making a total difference between these respective candidates of 32 votes. There were also other candidates for Sheriff in said election, that is Lon Chaffin and Tom Ward. However, the result of this contest would in no wise affect their status. The entire vote as tabulated by the Election Commissioners of all candidates for Sheriff in said regular election for the Sixth Civil District of Jackson County, Tennessee was 526 votes including 150 illegal absentee votes.''

It is then averred that there were 201 purported applications for absentee ballots from voters of the Sixth District and that 161 or 162 from various purported applicants were forwarded to the election officials and that of that number 150 were cast and 11 or 12 were rejected. Further, that after the polls were closed, and after the votes of those who voted in person were tabulated, then the absentee ballots were likewise put in the box and tabulated and that out of the 150 absentee ballots tabulated Bill Mathis received 130, the remaining 20 votes being divided between petitioner and the other two candidates in a proportion unknown to petitioner.

It then avers that an examination of the purported application for these absentee ballots discloses the most glaring fraud possibly imaginable in that the 1932 Code, sec. 2253.4, as amended by the 1950 Supplement, was violated in practically every respect, the details of which need not be copied herein.

A conspiracy is then averred to have existed among three members of the Lynch family, the object of which was to get possession of a large number of these absentee

ballots and vote them for the respondent Mathis and for a member of the Lynch family who was a candidate for another office.

It is further averred that 81 of the purported applications for absentee ballots were dated on the same day to-wit: June 28, 1954 and that same could not have occurred without the exercise of fraud and undue influence.

Then several instances are averred wherein it is alleged that Bill Mathis rendered himself incompetent to serve as Sheriff by reason of having promised protection to certain operators in the illicit liquor business, if he should be elected Sheriff.

Finally it is averred that in the manner and method of transmission of the absentee ballots Code Section 2253.4 was in no way complied with and that a large number of the ballots were fraudulent and irregular.

Young makes the specific averment as follows: "Petitioner further avers that after the voiding of said Sixth Civil District election, he will have the majority of the votes over the defendant Bill Mathis in said County election and he therefore should be declared to be the regularly duly elected and constituted Sheriff of Jackson County, Tennessee."

The sole prayer of the bill is as follows: "From all of the above, petitioner avers that said regular election in the Sixth Civil District of Jackson County, Tennessee should be declared void, and that upon the hearing of this cause the petitioner be declared to be duly and regularly elected Sheriff of said County and State."

■ First we call attention to the fact that the allegations with regard to the alleged promises by Bill Mathis of protection to liquor dealers are of no materiality. 1932

Code Section 1812 describes the qualifications for holding office and the exceptions thereto and there is nothing in these allegations to show any disqualification for office.

We think that this petition is quite analogous to that in *Nelson v. Sneed,* 112 Tenn. 36, 83 S.W. 786, and a great deal said therein is pertinent here.

■ It seems clear from the allegations of the petition that the purpose of the contest is to have the petitioner declared elected to the office of Sheriff, because he alleges that, if the vote in the Sixth District is declared void, the result will be different, that is, that he will be the elected candidate. It seems inescapable however that, if the election in that District be declared void, the entire election for the County must be declared void on the principles stated in the above case. See the discussion on pages 53 through 55 of 112 Tenn., on page 790 of 83 S.W., especially the case of *Barry v. Lauck,* 45 Tenn. 588.

The language of the opinion on page 49 of 112 Tenn., on page 789 of 83 S.W. therefore becomes important, which is as follows:

"Therefore, in order to maintain this proceeding to contest this election, the contestant must charge and allege in his bill or statement of grounds of contest facts which show that the election held for circuit judge for Knox County in August, 1902, was valid, and that at such election he received a majority of the ballots cast by the qualified voters for this office. It must appear from the facts charged that there was both a valid election held, and that a majority of the legal voters participating in it cast their ballots for contestant. If the bill fails to show either of these essen-

tial facts, it is bad upon demurrer, and will be dismissed.''

■ We think therefore that the petition shows on its face that the purpose was not merely to have the election declared void either in whole or in part but was for the real purpose of having the court grant the specific relief of declaring the petitioner duly elected to the office. The allegations, however, taken as true on demurrer render the entire election void. Therefore the demurrer was good for the failure to allege a valid election and it was error for the court to overrule same. Those assignments relating thereto are sustained.

■ Although it is not necessary to discuss this appeal any further, yet because this is a matter of public interest and in the event we should be mistaken in our above ruling, we will discuss the assignment of error to the effect that the court was in error in declaring the election void because the voters cast their ballots according to their own free will; the ballots were counted as cast, and the will of the voters was ascertained in said election.

A motion is made to strike the bill of exceptions in this case but we need not consider it because we may dispose of the case on the merits from the examination of the technical record.

In the final order the court found there was improper casting of absentee ballots in that the Election Commissioners did not comply with the provisions of said Section 2253.4 and that compliance with same was mandatory. But he then made the following finding:

''There is nothing in the record to reflect upon the conduct of the contesting parties to the Sheriff's office

and the court does not, in fact find evidence of over persuasion, or fraud, with reference to procurement of applications for absentee ballots for voting, or any evidence of manipulation of ballots in such a way that the voter did not express his or her will, or that the vote was not counted as it was cast. It is simply a situation wherein the election commissioners followed their own conception of procedure acquired incidentally from the former commission rather than the mandatory provisions of the Tennessee Election Laws, Code, sec. 2253, with respect to absentee voters.

"If the votes that were illegally cast were all cast against the defendant Bill Mathis and for the contestant Jesse E. Young they would change the result of the election accordingly, it is the judgment of the court that the said regular election of August 5, 1954, for the office of Sheriff of Jackson County, Tennessee, was and is declared to be void.

"It is the judgment of the court that the contestant Jesse E. Young by filing suit contesting the election before the expiration of his term did all that he legally could to preserve his status as a holdover in the event that his contest should prove successful, and it results that he is adjudged to be the Sheriff of Jackson County, Tennessee, by virtue of holding over until his successor is duly elected."

We think that his Honor was in error in declaring the election void. While it is true that the provisions of Code, sec. 2253.4 are mandatory, still there is quite a difference in the effect to be given thereto when the question is raised before an election and on the other hand when the question is raised after the election. In view of the court's finding above quoted, we do not think he

was warranted in declaring the election void. In *Shutt v. Blount,* 194 Tenn. 1, 9, 249 S.W.2d 904, the rule is reiterated to the effect that, if after hearing all the evidence, it nevertheless appears that there has been a valid expression of the people's will and one of the candidates has been elected, the declaration that the election was void is unwarranted.

We are of opinion also that the court was not warranted in adjudging that Young was entitled to the office by virtue of being the "holdover" because there is absolutely nothing in the pleadings to serve as a predicate for such ruling except the caption above referred to in which Young describes himself as an incumbent. It is evident however that he elected not to proceed as an incumbent but to ask for relief by way of having the court declare that he was elected to the office in 1954.

The judgment below is therefore reversed at the cost of contestant.