CAS WALKER, Plaintiff-in-Error,

*v.*

GEORGE C. SLIGER, et al.,
Defendants-in-Error.

CAS WALKER, Plaintiff-in-Error,

*v.*

ALEX J. HARKNESS et al.,
Defendants-in-Error.

405 S.W.2d 471.

(*Knoxville*, September Term, 1965)

Opinion filed July 12, 1966.

W. E. BADGETT, Knoxville, for plaintiff in error.

S. FRANK FOWLER and CLAUDE K. ROBERTSON, Knoxville, FOWLER, ROWNTREE & FOWLER, and EARL S. AILOR, Knoxville, of counsel, for defendants in error.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

Since the appeals of the above styled actions present the same question, Counsel for the respective parties have agreed one opinion will suffice.

Defendants-in-error, George C. Sliger, and Alex J. Harkness, were candidates in a primary election held in the City of Knoxville for the purpose of nominating candidates for the office of Councilman of the City on

November 4, 1965. Sliger and Harkness were declared to be two of the candidates in a runoff election to be held on November 18, 1965.

As a result of the runoff election, both Sliger and Harkness were elected to the office of Councilman.

On November 22, 1965, plaintiff-in-error, Cas Walker, hereinafter referred to as petitioner, filed these separate actions in the Circuit Court for Knox County against the defendants, Sliger and Harkness. In each suit the Commissioners of Elections for Knox County were joined as parties defendant.

The petitions alleged that petitioner was a resident, citizen, taxpayer and duly registered voter of the City of Knoxville, and the suits were brought on his behalf and in behalf of all citizens similarly situated; and that Sliger and Harkness had disqualified themselves in both elections to assume and hold the office of Councilman by their failure to comply with the provisions of Section 30 of Chapter 498 of the Private Acts of 1911, namely: "Be it further enacted, [t]hat every candidate for an elective office and every elected officer of the City of Knoxville shall, the day before the election and within three days after the election, file with the Recorder and publish at least once in a daily newspaper of daily circulation his sworn statement of all of his campaign and election expenses itemized, and by whom such funds were contributed; and any candidate for an elective office and any elective officer failing to comply with the requirements of this Act shall be disqualified from holding the office he seeks or has been elected to."

The petition sought an adjudication and declaration of the Court that Sliger and Harkness had disqualified themselves to hold the office of Councilman because of

their failure to comply with the above quoted Section of Chapter 498 of the Private Acts of 1911; that each be enjoined from receiving a certificate of election; that the Commissioners of Elections be enjoined and restrained from issuing to each of them a certificate of election; and that the election, insofar as Sliger and Harkness were concerned, be declared void.

All defendants filed demurrers to the petitions on the ground the petitions could not be maintained by a private citizen.

The trial judge sustained the demurrers and dismissed the petitions.

Petitioner has perfected appeals to this Court and assigned as error the action of the trial judge in sustaining the demurrers and dismissing the suits.

It is the insistence of petitioner the actions may be maintained by petitioner as a private citizen. He cites and relies upon *Heiskell v. Lowe,* 126 Tenn. 475, 153 S.W. 284 (1912); and *Country Clubs, Inc. v. City of Knoxville,* 217 Tenn. 104, 395 S.W.2d 789 (1965).

Petitioner argues the instant actions arise under Section 30 of Chapter 498 of the Private Acts of 1911; which, by its terms, applies only to the City of Knoxville; and, therefore, the case law of this State pertaining to elections under general state law is inapplicable.

It is true in the Heiskell case Lowe in his capacity as a resident, citizen, taxpayer and duly registered voter brought the suit against Heiskell to have the Court declare Heiskell had disqualified himself from holding the office of Mayor of Knoxville because he had not complied with Section 30 of Chapter 498 of the Private Acts of 1911.

Heiskell demurred to the petition on the grounds the petition presented neither an election contest nor a quo warranto proceeding and that Section 30 of Chapter 498 of the Private Acts of 1911 did not apply because that Section of the Act did not take effect until after Heiskell's election.

This Court held that since Section 30 of the Act, under the provisions of the Act, did not become effective until after Heiskell's election, the Section had no application and dismissed the suit on that ground. The Court apparently pretermitted the question raised by the first ground of the demurrer.

However, two members of the Court dissented to the majority opinion and stated in the course of the dissenting opinion:

"It is not controverted that this case presents an election contest, of which the circuit court of Knox county had jurisdiction, and which the petitioner, J. L. Lowe, as a citizen, voter, and taxpayer of the municipality of Knoxville, had the right to bring and maintain, provided his contention was supported by the facts, which are not controverted; the case being before us upon petition and demurrer, and sound in law. These propositions are abundantly established by the repeated decisions of this court."

The petition in the case of *Country Clubs, Inc. v. City of Knoxville* was filed in the Chancery Court of Knox County by Country Clubs as a taxpayer and Carl E. Huskey as a citizen, resident, taxpayer and voter of the City of Knoxville and sought to have Leonard R. Rogers declared not to have qualified as the elected Mayor of the City of Knoxville because he had failed to comply with Section 92 of the Charter of that City.

Section 92 of the Charter of the City of Knoxville is identical to Section 30 of Chapter 498 of the Private Acts of 1911 above quoted.

The defendants filed a motion to dismiss the suit on the grounds the suit was in the nature of a quo warranto proceeding; and, not having been brought by the District Attorney or one authorized to do so in the name of the State of Tennessee, could not be maintained by the petitioners; and that the Declaratory Judgments Act does not authorize the filing and maintenance of such a suit.

The Chancellor sustained the motion and dismissed the suit. This Court affirmed the decree of the Chancellor.

In the Country Clubs case it was insisted the Heiskell case was authority for the principle a citizen, resident, taxpayer and qualified voter could maintain such a suit.

It was pointed out in the Country Clubs opinion written for the Court by Mr. Chief Justice Burnett that the Heiskell case was an election contest and cited for this statement the statement of Mr. Justice Shields in his dissenting opinion, which we have hereinabove quoted.

It was then pointed out an election contest could not be maintained in the Chancery Court; and, therefore, the Country Clubs suit could not be treated as an election contest; and, thus, it was an attempt of a private citizen to maintain a quo warranto proceeding.

In other words, the statement in the Country Clubs opinion that the Heiskell case presented an election contest was made for the sole purpose of pointing up the fallacy of the petitioner's argument the Heiskell case was authority for the right of a private citizen to maintain a quo warranto proceeding.

We have reviewed the case law of this State and we have been unable to find a case which has adopted the principle that a private citizen, who has not suffered some injury not common to all citizens similarly situated, may maintain an election contest.

■■ On the contrary, we find the law of this State to be a private citizen who seeks no relief for himself cannot contest an election solely on the ground he seeks to redress a public wrong. Such a suit is in the nature of a quo warranto proceeding and must be filed in the name of the State. An election contest for the sole purpose of having an election declared void may be filed by either an incumbent, the inducting court, or the unsuccessful candidate. *Mathis v. Young,* 200 Tenn. 168, 291 S.W.2d 592 (1956); *Freeman v. Felts,* 208 Tenn. 201, 344 S.W.2d 550 (1960); *Skelton v. Barnett,* 190 Tenn. 70, 227 S.W.2d 774 (1950); *Hollis v. State ex rel. Vaughan,* 192 Tenn. 118, 237 S.W.2d 952 (1951); *Adcock v. Houk,* 122 Tenn. 269, 122 S.W. 979 (1909); *Taylor v. Carr,* 125 Tenn. 235, 141 S.W. 745 (1911); *Maloney v. Collier,* 112 Tenn. 82, 83 S.W. 667 (1903).

In the case of *Skelton v. Barnett,* supra, this Court, speaking through Mr. Chief Justice Neil, said:

"There is no case in the books so far as we have been able to find wherein an individual citizen is permitted to file a bill seeking to have an election declared void upon any ground."

We see no merit in the argument of petitioner that this Court may only look to the Heiskell and Country Clubs cases for case law interpreting Section 30 of Chapter 498 of the Private Acts of 1911. Neither of these cases nor the Act itself are authority for the proposition an

individual or private citizen may successfully maintain a quo warranto proceeding or an election contest.

Moreover, in the Heiskell case, general case law of the State was cited in determining whether Section 30 of Chapter 498 of the Private Acts of 1911 was in effect prior to the election of Heiskell. Likewise, in the Country Clubs case, this Court looked to general case law as to whether a private citizen could maintain a quo warranto proceeding to challenge the right of a person to hold a public office.

■ The proper parties to an election contest are determined by the general case law of the State, in the absence of a controlling statute.

■ Whether the petitions are in the nature of a quo warranto proceeding or an election contest they cannot be maintained by petitioner in his capacity as a private citizen.

Petitioner's assignment of error is overruled and the judgment of the trial judge is affirmed with costs.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CRESON, JUSTICES, concur.