Everette MOYERS et al., Appellants,

v.

L. R. SHERROD et al., Appellees.

Supreme Court of Tennessee.

June 30, 1975.

A. Benjamin Strand, Jr., Dandridge, for appellants.

C. S. Rainwater, Jr., Dandridge, for appellees.

OPINION

HENRY, Justice.

This suit in chancery was filed as an election contest, seeking to restrain a county election commission from certifying the

results of an election and to declare the same to be void.

Five private citizens and residents of Jefferson City comprising a committee known as "Citizens Group Contesting Irregularities in an Election Involving a Referendum concerning the charter of the Town of Jefferson City", filed suit against the Election Commission for Jefferson County, Tennessee, alleging that their rights as citizens, residents, property owners, and qualified voters of Jefferson City have been violated and that they will suffer irreparable damages as citizens and residents of Jefferson City if the Election Commission certifies the results of an election involving a referendum concerning the City Charter. They allege various and sundry frauds and irregularities, and assert that they are so gross as to void the outcome of the election.

The defendant election commissioners moved to dismiss on various grounds to include insistencies that (1) no referendum election contest can be maintained unless and until the results thereof have been properly and duly certified and (2) an action seeking to void a referendum election must be brought in the nature of a quo warranto proceeding in the name of the State and on relation of the District Attorney General.

The Chancellor dismissed the lawsuit and the Citizens Committee perfected an appeal to this Court.

We note at the very outset that at the adjourned session of the 1972 General Assembly, there was adopted Chapter 140, which is a complete and comprehensive "election code" for the State of Tennessee. This was carried forward into Tennessee Code Annotated as Title 2.

Section 2–1701, T.C.A., relates to contests and provides in pertinent part as follows:

The incumbent officeholder and any candidate for the office may contest the outcome of an election for the office. *Any campaign committee or individual which has charge of a campaign for the adoption or rejection of a question submitted to the people may contest the election on the question.* (Emphasis supplied).

The complaint in the instant suit shows on its face that the plaintiffs were not members of a campaign committee having charge of a campaign for the adoption or rejection of a question to be submitted to the people. To the contrary, it affirmatively shows that "the plaintiffs and various other citizens" compose a committee known as "Citizens Group Contesting Irregularities" etc. This Citizen Group, according to the complaint, was obviously created to contest this election.

Prior to the adoption of the general "election code" the proper parties to an election contest were determined by the general case law of the State in the absence of a controlling statute. *Walker v. Sliger,* 218 Tenn. 657, 405 S.W.2d 471 (1966).

We hold that the right to contest an election in Tennessee is governed by Section 2–1701, and that a group or committee coming into being *after* an election for the adoption or rejection of a question submitted to the people, has no standing to contest an election.

Moreover, it is an established rule of law in this jurisdiction that the chancery court will not enjoin an election and that rule applies not only to the actual conduct of an election, but to any of the steps in the proceeding "looking to or pertaining to an election". The canvass and announcement of the result is an inseparable and integral part of an election. *O'Neil v. Jones, et al.,* 185 Tenn. 539, 206 S.W.2d 782 (1947). It necessarily follows that a certification of an election result is an integral part of an election and may not be enjoined. Further, no contest will lie until the returns have been canvassed and the certification has been made.

It therefore, results that this suit may not be treated as an election contest.

Assuming, arguendo, that the allegations of the complaint are true and that they are sufficient to void the election, it does not follow that this suit may be prosecuted for the express purpose of vindicating a public wrong. If, as a result of the frauds and irregularities alleged to have been committed, the citizenry of Jefferson City has sustained an injury, it is one that is common to every citizen and resident and cannot be corrected or repaired by an action brought by a private citizen, but must be brought upon relation of the State of Tennessee.

The holding of this Court in the recent case of *Bennett v. Stutts*, 521 S.W.2d 575 (1975), is analogous. In that case, citizens, residents and taxpayers of Dyer County, filed a complaint seeking to invalidate the election of a county superintendent of public instruction by the quarterly court. Citing *Patton v. City of Chattanooga*, 108 Tenn. 197, 65 S.W. 414 (1901); *Skelton v. Barnett*, 190 Tenn. 70, 227 S.W.2d 774 (1950); *Badgett v. Broom*, 219 Tenn. 264, 409 S.W.2d 354 (1966) we held:

> It is the settled law in this State that private citizens, as such, cannot maintain an action complaining of the wrongful act of public officials unless such private citizens aver special interest or a special injury not common to the public generally.

We further held that Tennessee jurisprudence in this regard comports with the overwhelming majority, if not all other jurisdictions.

In the last analysis, election contests in Tennessee are now covered by a specific statute adopted by the Legislature and only those named therein have the right to seek redress in the courts. We do not wish however, to be understood as diluting the right and duty of the District Attorney General, in proper cases, to take appropriate action in cases involving election frauds and irregularities. We address this opinion only to the rights of private citizens to prosecute an election contest or an action in the nature of such contest.

The decision of the Chancellor is affirmed and the costs incident to this appeal are taxed against complainants.

FONES, C. J., and COOPER, BROCK and HARBISON, JJ., concurring.