**Granville GILPATRICK, Appellant,**

v.

**James H. RENEAU, III, Appellee.**

Supreme Court of Tennessee.

Dec. 5, 1983.

Robert T. Beaty, Sexton, Sexton, Beaty &
Seals, Oneida, for appellant.

Bruce E. Myers, Livingston, for appellee.

OPINION

FONES, Chief Justice.

This is an election contest involving the
office of General Sessions Judge of Clay
County. The threshold issue is whether a
candidate who is not qualified to hold the
office involved has standing to bring an
election contest.

I.

Plaintiff, Granville Gilpatrick, a non-law-
yer, was elected to the office in question
during the regular August election held on
August 5, 1982. Thomas C. Crawford, a
lawyer and Gilpatrick's opponent in the
election, filed an election contest in the
Chancery Court of Clay County contending
that the person elected to the office of
General Sessions Judge for Clay County
must be a licensed attorney. On August 27,
1982, the chancellor held that Gilpatrick
was not qualified to hold the office since he
was not a licensed attorney, enjoined Gilpa-
trick from assuming the duties of General
Sessions Judge and voided the August fifth
election. Gilpatrick appealed to this Court.

During the pendency of the *Crawford v.
Gilpatrick* appeal, the Clay County Election
Commission called for a new election and
published notice in the Nashville Tennesse-
an and in the Clay Citizen, a newspaper of
general circulation in Clay County. The
new election was held on November 2, 1982,
at which time J.H. Reneau, III, a lawyer
was elected receiving 1,080 votes. Gilpa-
trick, while not on the ballot, waged a
write-in campaign and received 953 votes.

After the new election, Gilpatrick filed
his own election contest, the subject matter

of this appeal, alleging various procedural irregularities. The case came to trial on February 3, 1983, before a judge designated to sit for the regularly elected chancellor of Clay County. In addition to interposing his defenses to Gilpatrick's allegations, defendant-appellee Reneau asserted that, based on the chancellor's decree in *Crawford v. Gilpatrick,* Gilpatrick lacked standing to contest the election.

The judge ruled at the conclusion of the trial on February 3, 1983, that Gilpatrick had standing to maintain the contest but dismissed the complaint on its merits. The ruling was incorporated into a final decree entered on February 18, 1983.

On February 14, 1983, between the judge's bench ruling and entry of the final decree, the Supreme Court of Tennessee released its opinion in *Crawford v. Gilpatrick,* 646 S.W.2d 433 (Tenn.1983). In that opinion, we affirmed the holding that Gilpatrick was not qualified to be the General Sessions Judge of Clay County because he was not a licensed attorney.

## II.

Prior to the enactment of Chapter 740, Public Acts of 1972, the question of who could contest an election was governed by case law. The long-standing case law on that question was reaffirmed in *Walker v. Sliger,* 218 Tenn. 657, 405 S.W.2d 471 (1966), wherein the late Mr. Justice Chattin, writing for the Court, said:

[w]e find the law of this State to be a private citizen who seeks no relief for himself cannot contest an election solely on the ground he seeks to redress a public wrong. Such a suit is in the nature of a quo warranto proceeding and must be filed in the name of the State. An election contest for the sole purpose of having an election declared void may be filed by either an incumbent, the inducting court, or the unsuccessful candidate. [citations omitted.] *Id.* at 474.

*Freeman v. Felts,* 208 Tenn. 201, 344 S.W.2d 550 (1961) was one of the numerous cases cited in support of that principle of law.

Section one of Chapter 740, Public Acts of 1972, codified as T.C.A. § 2–17–101, expressly limits the bringing of an action to contest an election to "the incumbent office holder and any candidate for the office."

Gilpatrick is not now, nor has he ever been eligible to hold the office of judge of the General Sessions Court of Clay County and it follows that the question of his standing to bring this suit hinges on whether the person asserting the status of candidate must be eligible to hold the office should he or she qualify as a candidate, run and receive a majority of the votes cast.

T.C.A. § 2–17–101 merely codified the existing case law with respect to limiting standing to bring election contests to incumbent office holders and any candidate for such office. The only change wrought by the Legislature was the omission of, "the inducting court" as a third class of persons authorized to bring election contests.

In *Freeman v. Felts, supra,* the threshold issue before the Court was whether or not Freeman was a bona fide candidate for the office of Justice of the Supreme Court. In disposing of that issue, the Court said:

It is well settled that an election contest cannot be prosecuted by any person other than a bona fide unsuccessful candidate for the contested office or by the incumbent of the office. A private citizen cannot maintain such an action in his capacity as citizen and taxpayer. [citations omitted.] 344 S.W.2d at 554.

In *Evers v. Lacy,* 257 So.2d 70 (Fla.App. 1972), Evers ran unsuccessfully against the incumbent Lacy and brought an election contest challenging enough absentee ballots to alter the outcome of the election. Lacy raised the issue of Evers' standing to bring the suit under a Florida statute, which restricted the bringing of election contests in such cases to "any unsuccessful candidate for such office." See section 102.161 F.S. 1969, F.S.A. The Florida appellate court held that the statute "necessarily implies" that an unsuccessful candidate must be a person eligible to hold the office. Evers was found to be ineligible and his suit was dismissed for lack of standing.

In *Hatcher v. Bell,* 521 S.W.2d 799 (Tenn. 1974), Mr. Justice Cooper, writing for the Court made the following observations that are relevant here, although the facts and the issue in *Hatcher* differed from the instant case:

A valid election to a public office impliedly contemplates that the party elected can legally hold the office to which he is elected. It would border on the absurd to say that a person who receives the highest number of votes in an election, but who cannot legally hold or occupy such office is or can be legally elected to the office. *Id.* at 801–802.

It would be equally absurd to ascribe to a person who cannot legally hold the office in question the status of "candidate" for the purpose of bringing lawsuits to contest elections. Such a person has only the status of a private citizen, who could not bring an election contest prior to the enactment of T.C.A. § 2–17–101, nor since. *See Walker v. Sliger, supra.*

Accordingly, we reverse the judge's holding that Gilpatrick had standing to maintain this suit, but affirm his decree dismissing the case. Costs are adjudged against Gilpatrick.

COOPER, BROCK, HARBISON and DROWOTA, JJ., concur.