# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
June 17, 2014 Session

## KENNETH T. WHALUM, JR. v. SHELBY COUNTY ELECTION COMMISSION

**Appeal from the Chancery Court for Shelby County**
**No. CH1213263      Kenny W. Armstrong, Chancellor**

---

**No. W2013-02076-COA-R3-CV - Filed September 30, 2014**

---

FRANK G. CLEMENT, JR., P.J., M.S., concurring and dissenting.

I fully concur with the result reached in this matter and, specifically, the determination that the election was not invalid, that a new election is not required, and that Mr. Woods is the winner in the 2012 District 4 election to the Shelby County School Board. While I concur with the foregoing determinations and the result reached in this matter, I write separately because I respectfully differ with the determination that Rev. Whalum presently has standing to contest the election.

In this election contest, the losing candidate, Rev. Whalum, challenged the validity of the election because voters who were eligible to vote in the school board district were erroneously assigned to other districts and, as a consequence, they were not allowed to vote in the challenged district race, while ineligible voters from other districts were allowed to vote in the challenged district race. The errors were not due to fraud; they were due to the failure of the Shelby County Commission to complete redistricting in a timely fashion.[1] The

---

[1] Before I address the issues of standing and mootness, it must be noted that the regrettable events which necessitated this litigation and the resulting expense to Rev. Whalum, Mr. Woods, and the citizens of Shelby County, are not due to any act or omission of the parties to this action. To the contrary, they are due to the failure of the Shelby County Commission ("the County Commission") to fulfill its responsibility to redistrict the county for the purpose of setting the election district boundaries in a timely fashion. As the Shelby County Administrator of Elections stated in his deposition, the County Commission district lines "were in flux" prior to the August 2, 2012 election because the number of districts were changing. In an effort to conduct the August 2, 2012 election in accordance with the anticipated new districts, the Election Commission began a project to input the voters' addresses and assign the voters to their prospective new district based upon what the County Commission "thought" the district lines were going to be. Thus, the

(continued...)

trial court voided the election results upon the finding that the cumulative effect of excluding eligible voters and including ineligible voters, which greatly exceeded the margin of victory, compelled the conclusion that the election did not express the will of the qualified voters. The winning candidate, Mr. Woods, appealed. While this appeal was pending, the new district lines were finalized and approved by the U.S. District Court; it was also determined that Rev. Whalum does not reside in the school board district at issue. With this background, I state below the reasons why I believe that Rev. Whalum no longer has standing to contest the election; stated another way, why I believe this election contest no longer serves as a means to provide any form of judicial relief to Rev. Whalum.

The right to contest an election is governed by Tenn. Code Ann. § 2-17-101(b) and the statute limits standing to "the incumbent office holder and any candidate for the office," meaning any *qualified* candidate. *See Gilpatrick v. Reneau*, 661 S.W.2d 863, 865 (Tenn. 1983) (stating "It would be equally absurd to ascribe to a person who cannot legally hold the office in question the status of 'candidate' for the purpose of bringing lawsuits to contest elections."). Moreover, it is well settled that "[a] private citizen cannot maintain such an action in his capacity as citizen and taxpayer." *Freeman v. Felts*, 344 S.W.2d 550, 554 (Tenn. 1961) (citing *Mathis v. Young*, 291 S.W.2d 592 (Tenn. 1956), *Hollis v. State ex rel. Vaughan*, 237 S.W.2d 952 (Tenn. 1951), *Morrison v. Crews*, 237 S.W.2d 1 (Tenn. 1951), *Skelton v. Barnett*, 227 S.W.2d 774 (Tenn. 1950)).

As the Supreme Court reasoned in *State ex rel. Lewis v. State*, 347 S.W.2d 47, 48 (Tenn. 1961):

> To invoke the jurisdiction of a court of justice, it is primarily essential that there be involved a genuine and existing controversy, calling for present adjudication as involving present rights, and although the case may have originally presented such a controversy, if before decision it has, through act of the parties or other cause, lost that essential character, it is the duty of the court, upon the fact appearing, to dismiss it.

*Id*. (citations omitted). It is undisputed that Rev. Whalum does not presently reside within the current boundaries of District 4. It is for this reason that I submit he is neither qualified to

---

[1](...continued)
Election Commission's entire redistricting process was delayed when the County Commission determined that the legislative district lines would not be finalized prior to the August 2, 2012 election. Consequently, the Election Commission had to modify the voters' address assignments and did not have time to perform proper quality control checks for its work in assigning voters to their proper legislative districts. Although the confusion and costly mistakes were avoidable and are regrettable, I readily concur with the determination of the trial court and the majority that there is no evidence of fraud.

vote in District 4 nor is he qualified to run for the office of School Board Representative for District 4. Moreover, because Rev. Whalum is neither the incumbent officer holder nor, in my opinion, a qualified candidate for the office under the current district lines, which I submit is a requirement of Tennessee Code Annotated § 2-17-112, Rev. Whalum no longer has standing to contest the election of Mr. Woods as the School Board Representative for District 4.

It is undisputed that Rev. Whalum does not reside within the boundaries of District 4 as that district presently exists. Nevertheless, I acknowledge, as the majority correctly noted, that Rev. Whalum resided within the boundaries of the district used by the Election Commission when the 2012 election was held; however, I respectfully differ with the majority's view that: "The use of the word 'candidate' also suggests that the question of standing with regard to Tennessee Code Annotated Section 2-17-101(b) must be considered at the time of the election or the filing of the election contest, rather than at the time a new election may be held." Contrary to the majority's determination, I submit the word candidate must also include, in the context of standing to pursue an election contest under Tennessee Code Annotated Section 2-17-101(b), the time of new election, if one is granted by the court. Thus, in my view the candidate must be and remain a qualified candidate during all phases of an election contest.

The current boundaries for School Board District 4 have been approved by the County Commission and the U. S. District Court. Rev. Whalum does not reside within the newly established boundaries of District 4; therefore, if an election were held today, he would not qualify as a candidate for the office he is seeking. Because he is no longer a qualified candidate for the office, Rev. Whalum no longer has standing in this election contest to seek a new election for the School Board Representative of District 4.

Because Rev. Whalum no longer has standing to contest the election, his contest of the 2012 election is also moot. Mootness is a doctrine of justiciability and "[t]he doctrine of justiciability prompts courts to stay their hand in cases that do not involve a genuine and existing controversy requiring the present adjudication of present rights." *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). **"A moot case is one that has lost its justiciability** either by court decision, acts of the parties, or some other reason occurring after commencement of the case." *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cnty.*, 301 S.W.3d 196, 204 (Tenn. 2009) (citations omitted) (emphasis added). "A case will be considered moot if it no longer serves as a means to provide some sort of judicial relief to the prevailing party." *Id*. (citations omitted).

In determining whether we can provide judicial relief for Rev. Whalum, we must look to the remedies available in an election contest under Tenn. Code Ann. § 2-17-112.

-3-

(a) After hearing the case the court shall give judgment either:

> (1) Confirming the election;
> (2) Declaring the election void;
> (3) Declaring a tie between persons who have the same number of votes if it appears that two (2) or more persons who have the same number of votes have or would have had if the ballot intended for them and illegally rejected had been received, the highest number of votes for the office; or
> (4) Declaring a person duly elected if it appears that such person received or would have received the highest number of votes had the ballots intended for such person and illegally rejected been received.

(b) A judgment under subdivision (a)(4) deprives the person whose election is contested of all right or claim to the office and invests the person declared by the judgment duly elected with the right to the office.

Tenn. Code Ann. § 2-17-112.

In reviewing the remedies available for an election contest, it is my opinion this court is without a means to provide any form of judicial relief to Rev. Whalum. The foregoing notwithstanding, Rev. Whalum contends this case falls under an exception to the mootness doctrine; specifically, that this is an issue of "great public interest and importance to the administration of justice." *Walker v. Dunn*, 498 S.W.2d 102, 104 (Tenn. 1972). "Decisions concerning whether to take up cases that fit into one of the exceptions to the mootness doctrine are discretionary with the appellate courts." *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). Although election contests can be of great public interest and important to the administration of justice, I find the exception inapplicable because the Tennessee General Assembly has expressly limited relief in these matters by requiring one to have standing to bring an action for an election contest. *See* Tenn. Code Ann. § 2-17-101(b).

The foregoing notwithstanding, I fully concur with the result reached by the majority and join in the well-reasoned decision to declare the election valid and Mr. Woods the winner.

_____
FRANK G. CLEMENT, JR., JUDGE

-4-