# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
October 10, 2016 Session

## JOHN HAMILTON v. METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 16C427   Amanda Jane McClendon, Judge**

_____

**No. M2016-00446-COA-R3-CV – Filed October 25, 2016**

_____

This case involves a challenge to an election commission's decision not to set a special election to fill a vacancy in the office of district council. Appellant, a Davidson County resident and registered voter, appeals the trial court's grant of Appellees', the Metropolitan Government of Nashville & Davidson County and the Davidson County Election Commission, Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss. The trial court granted Appellees' motion on its finding that Appellant's petition failed to aver facts sufficient to show a distinct and palpable injury to Appellant so as to establish his standing to challenge the election commission's decision not to schedule a special election. Discerning no error, we affirm and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

Jamie R. Hollin and Daniel A. Horwitz, Nashville, Tennessee, for the appellant, John Hamilton.

Lora Barkenbus Fox and Catherine J. Pham, Nashville, Tennessee, for the appellees, Metropolitan Government of Nashville & Davidson Co., and Davidson County Election Commission.

# OPINION

## I. Background

On February 3, 2016, the Davidson County Election Commission ("DCEC") received notice of a vacancy in the Metro Council District 1. On February 12, 2016, the DCEC voted to schedule an election to fill the vacancy on August 4, 2016, which would coincide with the general election for the Davidson County Property Assessor.

Believing that the terms of Metro Charter §15.03 compelled the DCEC to set a special election to fill the vacant District 1 seat within 80 days of when it received notice of the vacancy,[1] Appellant, John Hamilton, a resident of Davidson County, appealed the DCEC's decision to the Davidson County Circuit Court ("trial court") by a "Petition for Declaratory Judgment and Writ of Mandamus," which was filed on February 16, 2016.

On February 18, 2016, Appellees filed a motion to dismiss Mr. Hamilton's petition under Tennessee Rule of Civil Procedure 12.02(6). In the motion, Appellees asserted that: (1) Mr. Hamilton lacks standing; (2) the DCEC's decision was correct; (3) the DCEC had no duty to hold a special election; and (4) Mr. Hamilton's petition should have been brought under a common-law writ of certiorari. Apparently, in response to Appellees' contention that his petition should have been brought under a writ of certiorari, on February 18, 2016, Mr. Hamilton filed a "Petition for Writ of Certiorari and Writ of Mandamus". This petition reiterates the arguments made in Mr. Hamilton's initial filing, i.e., the "Petition for Declaratory Judgment and Writ of Mandamus".

Having granted Mr. Hamilton's motion for an expedited hearing, the trial court heard his petition on February 18, 2016. On February 26, 2016, the trial court granted Appellees' motion to dismiss on the ground of lack of standing. Mr. Hamilton appeals.

## II. Issues

In his appellate brief, Mr. Hamilton raises four issues for review. However, we perceive that there are three dispositive issues in this case, which we state as follows:

1. Does Mr. Hamilton have standing to challenge the date of the election?
2. If Mr. Hamilton has standing, is his challenge moot?

---

[1] Metro Charter §15.03 provides, in relevant part:

There shall be held a special metropolitan election to fill a vacancy for the unexpired term . . . in the office of district council member whenever such vacancy shall exist more than twelve (12) months prior to the date of the next general metropolitan election. . . ."

3.  If Mr. Hamilton has standing and his election contest is not moot, did the Election Commission err when it voted to fill the vacant council seat at the next election instead of holding a stand-alone, special election?

### III. Standard of Review

The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone. *Leggett v. Duke Energy Corp*., 308 S.W.3d 843, 851 (Tenn.2010); *Trau–Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). A defendant who files a motion to dismiss "'admits the truth of all of the relevant and material allegations contained in the complaint, but ... asserts that the allegations fail to establish a cause of action.'" *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010) (quoting *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 516 (Tenn.2005)).

In considering a motion to dismiss, courts "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Tigg v. Pirelli Tire Corp*., 232 S.W.3d 28, 31-32 (Tenn.2007) (citing *Trau–Med*., 71 S.W.3d at 696). A trial court should grant a motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Crews v. Buckman Labs Int'l, Inc*., 78 S.W.3d 852, 857 (Tenn.2002); *see also Lanier v. Rains*, 229 S.W.3d 656, 660 (Tenn.2007). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo with no presumption that the trial court's decision was correct. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 429 (Tenn. 2011).

### IV. Standing

Lack of standing may support a motion to dismiss. *Curve Elementary School Parents & Teacher's Org. v. Lauderdale Cnty.*, 608 S.W.2d 855, 857 (Tenn. Ct. App. 1980). Standing is a "judge-made doctrine based on the idea that '[a] court may and properly should refuse to entertain an action at the instance of one whose rights have not been invaded or infringed.'" *Mayhew v. Wilder*, 46 S.W.3d 760, 766-67 (Tenn. Ct. App. 2001) (quoting 59 Am. Jur. 2d *Parties* §30 (1987)). "'In determining whether a plaintiff has a personal stake sufficient to confer standing, the focus should be on whether the complaining party has alleged an injury in fact, economic or otherwise, which distinguishes that party, in relation to the alleged violations, from the undifferentiated mass of the public.'" *Id*. at 767 (quoting 32 Am. Jur. 2d *Federal Courts* §676 (1995)). As standing applies to a private citizen's election contest claim, private citizens cannot usually maintain an action complaining of the wrongful act of a public official unless such private citizen avers a special interest or a special injury not common to the public generally. *Moyers v. Sherrod*, 525 S.W.2d 126, 128 (Tenn. 1975).

In his "Petition for Writ of Certiorari and Writ of Mandamus," Mr. Hamilton avers the

following, relevant, facts concerning special injury:

> John Hamilton is a resident and citizen of Nashville and Davidson County, Tennessee. . . . Mr. Hamilton is a constituent of the Metropolitan Council's 1st District. The aggrieved injury is indeed specific to Mr. Hamilton, who is among the pool of eligible candidates qualified to hold the office of District 1 Council Member. [Mr. Hamilton] is a registered voter who voted in the August 2015 Metro Council race, and also voted in the September 2015 runoff election, the office for which a resignation created the vacancy. [Mr. Hamilton] has a distinct and palpable injury as he was denied the right to seek elective office for the vacancy in the time proscribed by the Charter; and he was also denied the opportunity to cast a ballot for a candidate to represent him on the Metro Council in the time proscribed by Charter, and instead has to wait until at least August 2016 to cast a ballot to be represented by a candidate elected by the voters of the 1st Council District, instead of April 2016 as mandated by Charter . . . . Moreover, [Mr. Hamilton] has a cognizable legal interest in the right to vote, which is indeed an individual right. The failure of the DCED to set a special election pursuant to the Charter injures [Mr. Hamilton] because he will be denied representation on the Metro Council by someone elected by the qualified voters of Council District 1 or himself as a candidate for the vacancy, at his choosing, all of which can be cured by the relief sought . . . .

From his averments, Mr. Hamilton's argument concerning his alleged injury is two-fold. First, he contends that he was denied the opportunity to vote for his representative. Second, he argues that he was denied the opportunity to run for the position himself.

Turning to Mr. Hamilton's first argument, merely being a voter is not sufficient to establish standing to file an election contest. *Parks v. Alexander*, 608 S.W.2d 881, 885 (Tenn. Ct. App. 1980). As explained by the *Mayhew* Court:

> In Tennessee, the standing doctrine requires that the person challenging the constitutionality of a statute "must show that he personally has sustained or is in immediate danger of sustaining, some direct injury ... and not merely that he suffers in some indefinite way in common with people generally." *Parks v. Alexander*, 608 S.W.2d 881, 885 (Tenn. Ct. App.1980). The mere status as a taxpayer or voter is not enough. *Id*. The plaintiff must allege that the effect of the statute will impose burdens on him "not common to the body of the citizens." *Patten v. Chattanooga*, 108 Tenn. 197, 65 S.W. 414 (1901); *Bennett v. Stutts*, 521 S.W.2d 575 (Tenn.1975); *Sachs v. Shelby County Election Commission*, 525 S.W.2d 672 (Tenn.1975).
> The primary focus of a standing inquiry is on the party, not on the

- 4 -

merits of the claims. ***Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.***, 454 U.S. 464, 484, 102 S.Ct. 752, 765, 70 L.Ed.2d 700 (1982); ***Flast v. Cohen***, 392 U.S. 83, 99, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947 (1968). Thus, a party's standing does not depend on the likelihood of success of its claim on the merits. ***MARTA v. Metro. Gov't***, 842 S.W.2d 611, 615 (Tenn.Ct.App.1992). However, because a party's standing may hinge on the nature of its claims, a standing inquiry requires a "careful judicial examination of the complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." ***Allen v. Wright***, 468 U.S. 737, 104 S.Ct. 3315, 3325, 82 L.Ed.2d 556 (1984).

***Mayhew***, 46 S.W.3d at 767.  In other words, standing may not be predicated on an injury to an interest that the plaintiff shares in common with all other citizens.  ***Id***. Were such injuries sufficient to confer standing, the State would be required to defend against "a profusion of lawsuits," and a purpose of the standing doctrine would be frustrated. ***Parks***, 608 S.W.2d at 885 (stating that one purpose of standing is to protect the State from a "profusion of lawsuits").  Giving every reasonable inference, to be drawn from the petition, in favor of Mr. Hamilton, ***Tigg***, 232 S.W.3d at 31-32 (Tenn.2007) (citing ***Trau–Med***., 71 S.W.3d at 696), we nonetheless conclude that he has failed to aver facts sufficient to distinguish his alleged injury (in being denied the opportunity to vote, at the earliest date, for his representative) from that of the general public.

Concerning Mr. Hamilton's averment that he was denied an opportunity to run for the disputed council seat, there is no evidence that he was, in fact, denied the opportunity to run for the vacant seat or that he took the necessary steps to have his name put forward for the position.  Regardless, the Federal District Court for the Eastern District of Tennessee addressed a similar argument in ***Moncier v. Haslam***, 1 F.Supp.3d 854 (E.D.Tenn.2014).  In ***Moncier***, the plaintiff wanted to appear on the August 2014 ballot as a candidate for a position on the Tennessee Court of Criminal Appeals, even though he had not applied to the Judicial Nominating Commission, as required by the Tennessee Plan. ***Id***. at 856-57. The plaintiff filed suit alleging that the Tennessee Plan violated his rights under the First and Fourteenth Amendments to the United States Constitution because he was denied access to the August 2014 ballot and the right to political association. ***Id***. at 857. The district court determined that the plaintiff lacked standing, stating:

> While the Court recognizes plaintiff's injury in that he was denied the opportunity to be placed on the August 2014 ballot, it is difficult to find, on the basis of his allegations and arguments, that his claim is not a generalized grievance shared by a large class of citizens, all of whom are denied the opportunity to be placed on the August 2014 ballot. Undoubtedly, any Tennessean who desires to run for the office of an appellate judge would encounter the exact same obstacles that plaintiff has asserted here. The Court

thus finds that plaintiff has failed to demonstrate standing.

*Id*. at 861. The *Moncier* Court explained that "when a plaintiff asserts that the law has not been followed, the plaintiff's 'injury is precisely the kind of undifferentiated, generalized grievance about the conduct of government that [the Supreme Court] ha[s] refused to countenance in the past.'" *Id*. at 859 (quoting *Lance v. Coffman*, 549 U.S. 437, 442 (2007)). The *Moncier* Court held that any person seeking to apply for an appellate court position would suffer the same alleged injury as the plaintiff, affirming that a plaintiff's interest must be different from not only the general public, but also from any large class of citizens. *Id.* Based on the averments set out in his petition, and giving every reasonable inference in his favor, we conclude that Mr. Hamilton has failed to allege any injury that is distinct from that suffered in general by other citizens subject to the same law. *See generally American Civil Liberties Union of Tennessee v. Darnell*, 195 S.W.3d 612, 620 (Tenn. 2006); *Thomas v. Shelby Cnty.*, 416 S.W.3d 389, 393 (Tenn. Ct. App. 2011).

Having determined that Mr. Hamilton has failed to plead facts sufficient to establish standing, we pretermit the remaining issues. In the absence of standing, the trial court properly dismissed Mr. Hamilton's petition.

## V. Conclusion

For the foregoing reasons, we affirm the order of the trial court. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, John Hamilton and his surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE