STATE *ex rel.* WOLFE *v.* HENEGAR.

*(Knoxville,* September Term, 1943.)

Opinion filed November 20, 1943.

S. E. Hodges, of Knoxville, for complainant.

W. P. O'Neil, Roy N. Stansberry, and Howard Jarvis, all of Knoxville, for defendant.

Mr. Justice Neil delivered the opinion of the Court.

The complainant filed his original injunction bill in the Chancery Court of Union County against the defendant and alleges that he was duly elected a member of the County School Board by the County Court of said county at the July term, 1942; that the term of office of defendant Robert Henegar had expired, and there was no vacancy in the office. An injunction was prayed for and granted restraining the defendant from exercising any of the functions and duties of the office and from interfering with the complainant in the performance of his legal duties as a member of the board.

The defendant filed an answer and cross-bill in which denial is made that complainant was duly elected a mem-

ber of the school board. It is contended that the election of complainant was illegal and void because the Quarterly County Court failed to comply with Section 1908 of the Code requiring that in all elections and appointments coming before the court the vote of the justices present shall be recorded by recording each name together with his vote, "aye" or "nay", upon the minutes, together with the name of the person elected or appointed. The contention is further made that the minutes of the July term of the Quarterly Court were not signed until the convention of the court in October, 1942; that at the said October term the justices refused to ratify and approve the minutes of the July term of court showing the election of complainant, on the ground that said election was illegal and void, and that thereupon the defendant Henegar was elected to succeed himself as a member of the County Board of Education.

The minute entries of both the July term and October term, 1942, of the Quarterly County Court were made exhibits and the chancellor disposed of the case on bill and answer, including said exhibits. He entered a decree dismissing the original injunction bill and sustained the defendant's cross-bill, holding that the election of complainant was illegal and void and that cross-complainant Henegar was entitled to hold over, or continue in office, until his successor was legally elected.

An appeal was prayed for and granted to this court. The complainant's assignments of error raised the question as to the legality of his election to the County School Board. The minutes of the July term of court read as follows:

"Due to the expiration of the term of Robert Henegar, there was a vacancy on the school board. On a motion made and seconded that the court go into the election

of a member of the school board which motion was carried by the unanimous vote of the court.

"Whereupon, C. C. Seymour placed in nomination William C. Wolfe as a candidate to fill said vacancy. The nomination was seconded by L. N. Raley. Thereafter, the vote was taken and William C. Wolfe was elected by the unanimous vote of the court, as a member of the school board for a full term of seven years."

The minutes of the October term read as follows:

"At a Regular Session of the Quarterly County Court held for the County of Union, State of Tennessee, on October 5, 1942, S. S. Inklebarger, Judge, Acting and Presiding, a Quorum of said members of said Court being present, towit: C. C. Seymour, Claude McPhetridge, Bert Booker, Charlie Haynes, Edd Irick, Martin Peters, R. S. Monroe, Lewis Raley, W. L. Turner, H. E. Rogers, Roy Cole, Kenneth Brantley, and Joe Ousley.

"The Clerk of the County Court, Ernest Bowman, read the minutes of the July Session, 1942, of the Quarterly County Court which had not been signed by the County Judge or the County Court Clerk. The judge called for said books or Minutes to be brought to him on the bench, and he signed the same in open Court.

"Motion was made by R. S. Monroe, seconded by C. C. Seymour, to adopt said Minutes. Vote was taken with R. S. Monroe, C. C. Seymour, Edd Irick, Charlie Haynes, and Lewis Raley voting to adopt said Minutes. Claude McPhetridge, Bert Booker, Martin Peter, H. E. Rogers, Roy Cole, W. L. Turner, Kenneth Brantly, and Joe Ousley voted Not to adopt the said Minutes.

"The Judge declared the motion to adopt the minutes had failed.

"Motion was made by Claude McPhetridge, seconded by Joe Ousley, to adopt said Minutes with the following

exceptions (1) the attempted election of William C. Wolfe, as a member of the board of Education illegal, void, and of no effect on the ground that said attempted election was illegal, null and void and of no effect. (2) As to the release of Poll Taxes, and (3) as to the 10 and 12 per cent delinquent Tax of the Elementary and High School Budget for the term 1942-43.

"Voting in favor of said Motion were: Claude Mc-Phetridge, Bert Booker, H. E. Rogers, Kenneth Brantly, Roy Cole, Joe Ousley, W. L. Turner, and Martin Peters. Voting against said Motion were: R. S. Monroe (who stated in essence that he would vote for a part and against part), Lewis Raley (stated I do too), Edd Irick, Charlie Haynes, and C. C. Seymour.

"Judge declared the Motion carried.

"Motion made by Claude McPhetridge, that since there was a vacancy in the County Board of Education, due to the fact that William C. Wolfe was not elected at the July Session, 1942, of the Quarterly County Court, and that the Minutes had not been approved, voted on or signed, that they go into an election of a member of the County Board of Education, and that Robert Henegar be elected to said office.

"Said motion was seconded by Joe Ousley. Court was left open for further nomination, no other person was nominated.

"Judge S. S. Inklebarger refused to entertain the motion or take the vote.

"Motion was made by Claude McPhetridge to elect H. E. Rogers, a member of the County Court, Chairman Pro. Tem.

"Said motion was seconded by Joe Ousley.

"Those voting in favor were Claude McPhetridge,

Bert Booker, H. E. Rogers, Kenneth Brantly, Roy Cole, Joe Ousley, W. L. Turner, Passing, Martin Peters.

"Those not voting and leaving the Court room were: S. S. Inklebarger, County Judge, C. C. Seymour, R. S. Monroe, Charlie Haynes, Edd Irick, and Lewis Raley.

"The chairman Pro Tem declared Robert Henegar duly elected."

It can be plainly seen from the minutes of the July term of court that complainant was "unanimously elected". It does not appear that there were other candidates for the office. When the court met in October the record shows that the County Judge called for the books or minutes to be brought to him on the bench, and he signed the same in open court. Following this, a motion was made to adopt the minutes, which was declared lost. Thereupon Claude McPhetridge made a motion, seconded by Joe Ousley, "to adopt said minutes with the following exceptions: (1) the attempted election of William C. Wolfe as a member of the Board of Education illegal and void and of no effect on the ground that said attempted election was illegal, null and void and of no effect." The other exceptions are not related to this controversy and hence are immaterial. It is important to note that no member of the County Court claims that the minutes of the July term, showing that Wolfe was "unanimously elected", were untrue.

Counsel for defendant contends that Code section 1908 was not complied with; that the action of the court was legislative and not political; and that this court will not review the legislative acts of the County Court. On the contrary, it is complainant's contention that the Code section referred to is directory only, and that since the election of complainant in July was an authorized po-

litical and executive function the County Court had no legal right to rescind its action.

Section 1908 of the Code provides: "Ayes and nays to be recorded.—In making all elections and appointments coming before the county courts, the vote of the justices present shall be taken by ayes and nays, the clerk calling and recording the name of each justice, together with his vote, aye or nay, as it is given, which shall be entered on the minutes, together with the names of the persons elected or appointed."

In *Brooks* v. *Claiborne County*, 67 Tenn., 43, it was held that Code section 10214, which requires the recording of an "aye" and "no" vote in making appropriation, is not imperative but merely directory. It was moreover held that parol testimony is not admissible to contradict the minute records of the proceedings had at a meeting of the court.

In *State ex rel.* v. *Hardin*, 163 Tenn., 471, 43 S. W. (2d), 924, the question herein raised was decided contrary to the defendant's contention. In that case the County Court had elected a county superintendent at the morning session of the court and at the afternoon session reconsidered its action and undertook to elect another. It was held that he had no such authority because in making such selection in the forenoon the Quarterly Court exercised political and executive power, which power it exhausted when the election was once made. If the election of a county superintendent of schools is a political and executive function of the court, it can hardly be doubted that the election of a member of the County School Board is likewise an exercise of political and executive power. If the complainant was duly elected in July, it necessarily follows that there was no vacancy to be filled by the court at the October term. In electing

complainant the court had exhausted its power. It had no authority to elect another. We are constrained to hold that the election of complainant in July was entirely legal, the Code section 1908 requiring a recording of the names of the justices voting being entirely directory.

██ ██ The question here presented is fully discussed in *State ex rel.* v. *Hardin, supra,* in which many authorities are cited by Mr. Justice McKINNEY. In response to this authority counsel for defendant insists "that in correcting the untrue statements contained in the minutes of the July term, the County Court was acting in its legislative capacity." Citing *State ex rel. Kempson* v. *Moore,* 167 Tenn., 170, 178, 67 S. W. (2d), 151, 153. A complete answer to this contention is that no member of the County Court of Union County has ever claimed that the minutes of the July term contained "untrue statements". In discussing the authority of the County Court in *State ex rel.* v. *Moore, supra,* the following language is used: "The statute requires the county court to choose county officers in a prescribed manner. Having once determined its choice that choice is irrevocable. It remains, however, for the county court itself to say whether its choice as expressed has been correctly recorded. We are unable to assent to the proposition that the statute denies the county court, proceeding as a legislative body, power to correct a mistake of its clerk in recording the vote cast by its members, if the correction is seasonably undertaken according to the usages of a deliberative assembly."

We readily concede that the County Court exercises both political and executive and legislative functions, as was held in *State ex rel.* v. *Hardin,* and that acting in a legislative capacity it is authorized to correct mistakes and errors that may appear upon the minutes, but, as

434

we have pointed out in the instant case, there is nothing in the record before us that even intimates that "the clerk had made a mistake in recording the vote of its members." No member of the County Court claims he was not present at the July term and that he did not participate in the election in which complainant was "unanimously elected", the only complaint being that there was no notice of the election, and no "aye" and "no" recording of the ballots.

Responding to the contention that the election in July was illegal and wholly void for want of the statutory notice, we hold that notice was not necessary to validate an election by the County Court. The only provision to be found in the Code with respect to notices of election by the County Court is Section 1910, which reads as follows: "Notice of vacancies.—The presiding officer of the county court shall cause public notice to be given in a newspaper of general circulation in the county at least one week before the meeting of the court, specifying the offices to be filled at that court."

Code, section 10196 provides for special sessions of the County Court and that the call shall be made by publishing in some county newspaper, or by personal notices sent by the clerk which shall specify the objects and purposes for which a session is called.

Section 10201 provides: "Election of officers and filling vacancies.—Should any office be required to be filled, or a vacancy occur in any office required to be filled, by the county court, it shall be the duty of the clerk, . . . to give at least ten days' notice to every justice of the peace . . . to assemble at the courthouse . . . to fill such office or vacancy, . . ."

While Code, section 1910, provides for notice by the presiding officer at least a week before the meeting of

the court, specifying offices to be filled, we think it is directory as to officers elected by the court, such as are named in Section 1904, viz., coroners, rangers, county surveyors, notaries public, and other officers named therein. The time of election of all such officers is definitely fixed by law. The law creating these offices and fixing the term thereof is in itself notice to the world. The court itself must take notice of the time of making such elections and their duty to fill these offices in the mode prescribed by law. While publication is highly desirable and in keeping with democratic processes of government, we do not feel that a failure to make publication would render such elections wholly null and void, as contended for in the instant case. Moreover, the defendant is in no position to complain about the lack of notice. He sought no affirmative relief until the complainant filed his bill on November 4, 1942, or four months after the July term of the County Court of Union County and after complainant had qualified as a member of the County Board of Education. Counsel for complainant makes the following timely observation: "We assume that the whole object of notice is to give the citizenry of the county an opportunity to appear and offer themselves as candidates for the offices filled by the County Court."

It is undisputed by the pleadings that defendant Henegar was elected at the July term, 1937, to fill out the vacancy created by one Marvel Bridges, whose term expired on the first Monday in July, 1942. Henegar's term was expiring at that time. He was there and could not complain of want of notice. While "the election of county officers by the quarterly county court is rather carefully regulated by statute," as stated by this court in *State* v.

436

*Moore,* 167 Tenn., 179, 67 S. W. (2d), 154, we have no case holding that where an election is held on the first day of the term, as provided in Section 1907, that such elections are wholly void for failure to make publication in advance as provided in Section 1910. It is clearly mandatory that under Section 1907 the court must proceed to the election on the first day of the term. By Section 1909 "The court may, however, a majority of the justices consenting, adjourn the election to a subsequent day of the term." In *State ex rel.* v. *Moore, supra,* this court held invalid an election that was held on the second day of the term. The question of notice was not involved.

In the case of elections to fill vacancies arising from death, resignation, or removal from office for any cause before the expiration of the regular term, such vacancies must be filled by the County Court at a special election, called by the County Judge, or upon the written application of five justices, or at a regular term. The statute clearly provides for notice by publication and in certain cases personal written notice to every member of the court. In all such cases notice as required by the statute must be observed; otherwise the public, candidates for the office to be filled, and in some instances the justices themselves, would have no knowledge of the time of such elections.

 Now in the instant case the record is silent on the question of notice by publication. Aside from the pronouncement herein made we think we may well indulge the presumption that publication was made, nothing affirmatively appearing to the contrary.

The decree of the chancellor is reversed, the original bill is sustained, and defendant's cross-bill dismissed. The defendant will pay the costs in this case.