Mrs. Joan **BENNETT** et al., Appellants,

v.

**T. C. STUTTS** et al., Appellees.

Supreme Court of Tennessee.

March 10, 1975.

Joseph M. Boyd, Jr., Dyersburg, for appellants.

James O. Lanier, County Atty., Ralph I. Lawson, Dyersburg, for appellees.

## OPINION

HENRY, Justice.

This suit seeking to vindicate a patent public wrong must fail for plaintiff's lack of standing to sue.

Eighteen citizens, residents and taxpayers of Dyer County, Tennessee, filed their complaint in the Law and Equity Court at Dyersburg seeking to invalidate the election of the defendant, Casey J. Vinson, as County Superintendent of Public Instruction. Among others the Chairman of the Dyer County Quarterly Court and the members thereof are named as parties defendant.

The complaint, as amended, alleges that the election of the County Superintendent was conducted by secret ballot in violation of the entirely mandatory provisions of § 5–518 T.C.A., which reads as follows:

> In making all elections and appointments coming before the county courts, the

vote of the justices present *shall be taken by ayes and nays,* the clerk calling and recording the name of each justice, together with his vote, *aye or nay,* as it is given, *which shall be entered on the minutes,* together with the names of the persons elected or appointed. (Emphasis added)

Plaintiffs allege a pattern of persistent violation of this statutory requirement, and seek a declaration voiding the election and restraining and enjoining Vinson from taking office or performing any of the duties of office.

The defendants filed motions to dismiss, which, *inter alia,* challenge the right or standing of plaintiffs to sue. These motions prompted the trial judge to render on January 24, 1973, what is designated as An Advisory Opinion "The Right to be Heard". The principal thrust of this opinion is that this action should have been filed as a *quo warranto* proceeding or by a candidate in the aforesaid election.

Thereafter, on February 6, 1973, plaintiffs amended their complaint.

It appears from the record that the trial judge kept this case under advisement for 15 months.[1] On May 3, 1974 an order was entered in which the trial judge held that "the plaintiffs in this case lack the capacity of standing to bring this action, either individually, as a class action, or otherwise . . .", and dismissed the suit.

We concur in the conclusion reached by the trial judge.

▪ It is the settled law in this state that private citizens, as such, cannot maintain an action complaining of the wrongful acts of public officials unless such private citizens aver special interest or a special injury not common to the public generally. Patton v. City of Chattanooga, 108 Tenn. 197, 65 S.W. 414 (1901); Skelton v. Barnett, 190 Tenn. 70, 227 S.W.2d 774 (1950); Badgett v. Broome, 219 Tenn. 264, 409 S. W.2d 354 (1966).

---

1. Sec. 20–1322 provides, in substance, that in non-jury cases the judge is required to render his decision and have judgment entered within 60 days from the completion of the trial.

Our research into this matter leads us to the conclusion that Tennessee jurisprudence, in this regard, comports with the overwhelming majority, if not all other jurisdictions.

In 59 Am.Jur.2d, Parties, § 30, it is said:

Public wrongs or neglect or breach of public duty generally cannot be redressed at a suit in the name of an individual or individuals whose interest in the right asserted does not differ from that of the public generally, or who suffers injury only in common with the public generally, and not peculiar to himself, even, it seems, though his loss is greater in degree, unless such right of action is given by statute.

The broad general principle is asserted that in the absence of a statute imposing liability, an action will not lie in behalf of an individual who has sustained a private injury by reason of the neglect of a public corporation to perform a public duty. When the duty of taking appropriate action for the enforcement of a statute is entrusted solely to a named public officer, private citizens cannot intrude upon his functions. In cases of purely public concern and in actions for wrongs against the public, whether actually committed or only apprehended, the remedy, whether civil or criminal, is as a general rule by a prosecution instituted by the state in its political character, or by some officer authorized by law to act in its behalf, or by some of those local agencies created by the state for the arrangement of such of the local affairs of the community as may be entrusted to them by law.

In Skelton v. Barnett, *supra,* the action was brought to declare an election illegal in order to redress a public wrong. In affirming a judgment of dismissal this Court said:

. . . The present action is in the nature of a *quo warranto* proceeding just as State ex rel. Weaver v. Maxwell, 189 Tenn. 183, 224 S.W.2d 832. It is not maintainable at the instance of a private citizen, but must be brought on relation of the State of Tennessee.

In State ex rel. v. Miller, 202 Tenn. 498, 304 S.W.2d 654 (1956) the Court (quoting from American Jurisprudence) held:

In the enforcement of matters of public interest it is generally recognized that the attorney general appearing as a public officer is a proper party to maintain litigation.

We recognize that the requirement that suits in the nature of a *quo warranto* and those seeking to redress public wrongs be brought by the District Attorney General can create insurmountable problems. Public spirited citizens should not be stifled or stopped in their search for solution to public wrongs and official misconduct such as are involved in this case.

If the District Attorney General, in matters such as this, should act arbitrarily or capriciously or should be guilty of palpable abuse of his discretion in declining to bring such an action, or in authorizing its institution, the courts will take jurisdiction upon the relation of a private citizen, in the name of the State of Tennessee. See People ex rel. Graves v. District Court of Second Judicial Circuit, 37 Colo. 443, 86 P. 87; White v. Eagle Oil & Ref. Co. v. Gunderson, 48 S.D. 608, 205 N.W. 614, 43 A. L.R. 397; State ex rel. Lamb v. Cunningham, 83 Wis. 90, 53 N.W. 35.

When citizens sue to rectify a public wrong, under these circumstances, a copy of the complaint shall be served upon the District Attorney General. It shall be the duty of the trial court forthwith to conduct an in limine hearing designed to determine whether to permit plaintiffs to proceed. If it be determined that the District Attorney General's refusal to bring the action, or to authorize the use of his name in its institution, was improper or unjustified, or that plaintiff's case is prima facie meritorious, the trial court shall permit the action to proceed.

We are urged to sustain this as a class action pursuant to Tenn.R.Civ.P. 23.

These rules simply regulate procedure; they do not create substantive rights. We have examined the corresponding Federal Rules and numerous cases construing them, and we find no authority which would confer upon these plaintiffs the standing to sue.

■ Finally, counsel representing appellants very forcefully argues, in brief and at the bar of this Court, the justice of their claim.

The fact that these citizens are correct in their insistence that the provisions of Sec. 5–518 T.C.A. are mandatory[2] and must be followed does not alter the situation. Under this record, appellants simply do not have the standing to sue.

The judgment of the trial court is affirmed, but only to the extent of the question of standing.

All the costs of this cause both in the trial court and on appeal are taxed against Dyer County.

FONES, C. J., and COOPER, BROCK and HARBISON, JJ., concur.

---

2. We are not unmindful of the holding of this Court in Brooks v. Claiborne County, 67 Tenn. 43 (1874) and State ex rel. Wolfe v. Henegar, 180 Tenn. 425, 175 S.W.2d 553 (1943).