IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 20, 2010 Session

STATE OF TENNESSEE EX REL. ARLIE "MAX" WATSON, ET AL. V.
LARRY WATERS, ET AL.

Appeal from the Chancery Court for Sevier County
Nos. 08-8-295, 08-9-368      David R. Duggan,[1] Judge

No. E2009-01753-COA-R3-CV - FILED AUGUST 20, 2010

A group of Sevier County residents identifying themselves as "Public Spirited Citizens"
("Plaintiffs") filed a set of *quo warranto* lawsuits against Sevier County, the Sevier County
Board of Commissioners ("Board"), and Larry Waters, the County Mayor of Sevier County
("Mayor") (collectively "Defendants"). The trial court determined that Plaintiffs lacked
standing. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY,
J., joined, CHARLES D. SUSANO, JR, J., filed separate concurring opinion..

Herbert S. Moncier, Knoxville, Tennessee, for the appellants, State of Tennessee ex rel. Arlie
"Max" Watson, Peggy Marshall, Gerra Davis-Mary, and John A. Meyers.

Rhonda L. Bradshaw, Knoxville, Tennessee, for the appellees, Larry Waters, Sevier County
Board of Commissioners, and Sevier County, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter, and Steven A. Hart, Special Counsel,
Nashville, Tennessee, for the appellee, State of Tennessee.

**OPINION**

**I. BACKGROUND**

---

[1]Fifth Judicial District Circuit Court Judge sitting by interchange.

Plaintiff Arlie "Max" Watson is a member of the Board. He is also a property owner and taxpayer in Sevier County. The other individual Plaintiffs are citizens and residents of Sevier County. As a partnership of politically associated persons, Plaintiffs assert that they seek to rectify the wrongs committed by Mayor and the Board.

The Board is the county legislative body of Sevier County. When the Mayor was sworn in, he took an oath of office. The Board subsequently elected Mayor as its Chairperson. In that capacity, Mayor does not vote on resolutions or any other county business, except in the case of a tie.

In the first complaint, Plaintiffs set forth a cause of action seeking a writ of certiorari and supersedeas declaring that Mayor canceled a county commission meeting in violation of Tenn. Code Ann. § 5-5-105.[2]

---

[2] Tenn. Code Ann. § 5-5-105 states that:

(a)(1) The county mayor has the power to convene the legislative body in special session when, in the county mayor's opinion, the public necessities require it.

(2) Upon written application to the chair of the legislative body by the county mayor or by a majority of the members of such body, then in that instance, it shall be mandatory for the chair to call a special session of such body.

(3) The convening date of such body shall not be more than fifteen (15) days nor less than forty-eight (48) hours from the time of the filing of such application with the chair.

(4) The provisions of this subsection (a) shall not apply to counties of Class 1 as established by § 8-24-101.

(b)(1) The county mayor shall be authorized to call a special session of the county legislative body for emergency purposes only by publication in a newspaper published in the county, and by personal notification to the members of the county legislative body at least two (2) days before the time of the convening of the county legislative body, in any county that authorizes its county mayor to act in accordance with the provisions of this subsection (b), by a two-thirds ( 2/3 ) vote of the county legislative body.

(2) The call or notice shall specify the objects and purposes for which such special session is called, and no other business but that embraced in such call shall be transacted during such special session.

(3) The provisions of this subsection (b) shall apply only to any county having a population not less than two hundred eighty-seven thousand seven hundred (287,700) and not greater than two hundred eighty-seven thousand eight hundred (287,800) according to the 1980

(continued...)

The second complaint sets forth a cause of action pursuant to Tenn. Code Ann. §§ 29-35-101 *et seq.*[3] seeking removal of Mayor from his office as Chairperson of the Board pursuant to § 8-47-101 *et seq.*[4] and alleges that Tenn. Code Ann. § 5-5-103(b)[5] is unconstitutional. The

_____

[2](...continued)
federal census or any subsequent census.

(c)(1) The call shall be made by publication in some newspaper published in the county, or by personal notices sent by the county clerk, at least five (5) days before the time of the convening of the county legislative body, which call or notice shall specify the objects and purposes for which the special session is called, and no other business but that embraced in the call shall be transacted during the sitting of the special term.

(2) In the event no newspaper is published in the county, the notice shall be by personal service upon all the members of the county legislative body, such service to contain the purpose for which the body is convened, and to be at least five (5) days before the time for convening.

[3] Tenn. Code Ann. § 29-35-101 provides that

An action lies in the name of the state against the person or corporation offending, in the following cases:

(1) Whenever any person unlawfully holds or exercises any public office or franchise within this state, or any office in any corporation created by the laws of this state;

(2) Whenever any public officer has done, or suffered to be done, any act which works a forfeiture of that officer's office;

(3) When any person acts as a corporation within this state, without being authorized by law;

(4) Or if, being incorporated, they:

      (A) Do or omit acts which amount to a surrender or forfeiture of their rights and privileges as a corporation;

      (B) Exercise powers not conferred by law; or

      (C) Fail to exercise powers conferred by law and essential to the corporate existence.

[4]Pursuant to Tenn. Code Ann § 8-47-101:

(continued...)

Court consolidated the cases for appeal.

Specifically, the first complaint asserts that a regular meeting of the Board, scheduled for June 16, 2008, was canceled and rescheduled for June 23, 2008, by Mayor in violation of Tenn. Code Ann. § 5-5-105. Plaintiffs state that Mayor declared the reason for cancellation of the regularly scheduled meeting was that the department budgets were not ready to present to the Board. Further, Plaintiffs allege that the June 23 meeting violated Tenn. Code Ann. § 5-5-105(b)(3) because matters other than the budget were discussed at the meeting. In particular, Plaintiffs note that the Board considered and adopted new rules proposed by Mayor at the meeting.

In the second complaint, Plaintiffs contest the lawfulness of Mayor serving as Chairperson for the Board under Tenn. Code Ann. § 29-35-110.[6] Plaintiffs challenge the

---

[4](...continued)
Every person holding any office of trust or profit, under and by virtue of any of the laws of the state, either state, county, or municipal, except such officers as are by the constitution removable only and exclusively by methods other than those provided in this chapter, who shall knowingly or willfully commit misconduct in office, or who shall knowingly or willfully neglect to perform any duty enjoined upon such officer by any of the laws of the state, or who shall in any public place be in a state of intoxication produced by strong drink voluntarily taken, or who shall engage in any form of illegal gambling, or who shall commit any act constituting a violation of any penal statute involving moral turpitude, shall forfeit such office and shall be ousted from such office in the manner hereinafter provided.

[5]Tenn. Code Ann. § 5-5-103(b) provides that

(b)(1) the legislative body, at its first session on or after September 1 of each year, shall elect from its membership a chair and a chair pro tempore: provided, that the county legislative body may elect the county mayor to be its chair; provided further, that such election shall confer no additional powers or authority to the chair so elected other than as presiding officer that are not otherwise provided by law.

(2) If any county commission elects as its chair the county mayor, and such county mayor accepts the position of chair of the county commission, then the county mayor shall relinquish the county mayor's veto power, as provided in § 5-6-107, for so long as the county mayor remains chair of the county commission.

[6]Tenn. Code Ann. § 29-35-110 provides: Private individuals; bringing suit:

(a) It is also brought on the information of any person, upon such person giving security for

(continued...)

constitutionality of Tenn. Code Ann. § 5-5-103(b), which allows a county official to hold a second lucrative office. Further, Plaintiffs assert that Mayor neglected to take an oath of office to perform the duties of Chairperson of the Board, thus violating Art. X, § 1 of the Tennessee Constitution[7] and Tenn. Code Ann. § 8-18-113.[8] Plaintiffs also seek Mayor's ouster from office as Chairperson and recovery of all public funds and services that were paid to Mayor during the time in which he held office as Chairperson of the Board.

Both complaints were served on the Sevier County District Attorney General as provided for in *Bennett v. Stutts*, 521 S.W.2d 575, 577 (Tenn. 1975). The second complaint was also served on the Tennessee Attorney General pursuant to Tenn. R. Civ. P. 24.04.[9]

After filing answers asserting that Plaintiffs had failed to state a claim for which relief could be granted, Defendants filed motions to dismiss pursuant to Tenn. R. Civ. P. 12.02(6), or in the alternative, motions for summary judgment. In their motions, Defendants argued that, among other things, Plaintiffs did not have standing for a private right of action because they did not allege a special interest or injury that resulted from the alleged actions of Defendants.

---

[6](...continued)
the costs of the proceedings, to be approved by the clerk of the court in which the bill is filed.

(b) When the suit is brought at the relation of a private individual, it shall be so stated in the bill and proceedings, and such individual is responsible for costs in case they are not adjudged against the defendant.

[7]Art. X, § 1 of the Tennessee Constitution states:

Every person who shall be chosen or appointed to any office of trust or profit under this Constitution, or any law made in pursuance thereof, shall, before entering on the duties thereof, take an oath to support the Constitution of this State, and of the United States, and an oath of office.

[8]Tenn. Code Ann. §8-18-113 provides that, "[a]ny officer or deputy required to take and file such oaths, who enters upon the duties of the office without first taking and filing the same as prescribed, commits a Class C misdemeanor.

[9]Pursuant to Tenn. R. Civ. P. 24.04, the Attorney General is to receive notice whenever, "the validity of a statute of this state or an administrative rule or regulation of this state is drawn in question in any action to which the state or an officer or agency is not a party. . . ."

The Tennessee Attorney General subsequently filed a motion to intervene to defend the constitutionality of Tenn. Code Ann. § 5-5-103(b). The Attorney General further supported Defendants' motion to dismiss or in the alternative, motion for summary judgment, on the grounds that Plaintiffs lacked standing. Shortly thereafter, the Sevier County District Attorney General determined that the claims filed by Plaintiffs were without merit and declined to proceed with Plaintiffs' case.

On April 30, 2009, the trial court addressed the threshold issue of standing, as was agreed by the parties. The trial court found that in the nature of a *quo warranto*, Plaintiffs failed to establish any injury in fact caused by the actions of Defendants, and thus, lacked standing. The trial court rejected Plaintiffs arguments that *quo warranto* cases brought pursuant to Tenn. Code Ann. §29-35-110, without the consent of the district attorney general, do not require a special interest or injury for standing. Further, the trial court observed that in *Bennett v. Stutts*, 521 S.W.2d at 576, the Tennessee Supreme Court held that "private citizens, as such, cannot maintain an action complaining of the wrongful acts of public officials unless such private citizens aver special interest or a special injury not common to the public generally." The trial court, citing *State ex. rel. DeSelm v. Owings*, 310 S.W.3d 353, 359 (Tenn. Ct. App. 2009), further noted that

> even in a suit in the nature of a *quo warranto*, and where a copy of the complaint has been served upon the district attorney general, the failure of the district attorney general to bring the action, or to authorize the use of his name in its institution, does not, ". . . *ipso facto*, convert a plaintiff *without standing in the tradition[al] sense*, into a plaintiff with standing."

The trial court also concluded that it had properly conducted the *in limine* hearing required by *Bennett v. Stutts*, and observed that the Sevier County District Attorney General had reviewed *all* of the relevant pleadings in making the determination to not proceed with Plaintiffs' claims. The trial court specifically held:

> It is the finding of this Court that Plaintiffs have failed to establish any injury in fact. Specifically, Plaintiffs have failed to show a distinct and palpable injury. Without finding that Plaintiffs have established any injury at all, even if there is any such injury to Plaintiffs, it would be, at most, an injury only to an interest that Plaintiffs share in common with all other citizens. Furthermore, to the extent Plaintiffs attempt to rely upon the fact that they are taxpayers of Sevier County, they have not made any specific allegations of any illegal expenditure, or of any increase of a tax burden upon them or any other Sevier County taxpayer.

Accordingly, this Court holds that Plaintiffs do not have standing, and accordingly their complaint must be dismissed.[10]

Thereafter, pursuant to Tenn. R. Civ. P. 52.02 and 59.04, Plaintiffs filed a motion to alter or amend the judgment of the trial court and a supplemental motion to alter or amend for both complaints. They argued that it was not necessary for them to meet the "special injury" standing requirement because they brought their actions pursuant to Tenn. Code Ann. §§ 29-35-101 *et seq.* and Tenn. Code Ann. § 8-47-110, which gave them statutory standing to bring their claims. Plaintiffs also raised, for the first time, the argument that Plaintiff-Commissioner Arlie "Max" Watson had standing due a special interest not shared by the general public because he was a member of the Board.

On July 31, 2009, the trial court denied Plaintiffs' motions and reiterated that "the special interest or injury requirement for standing has been applied specifically to *quo warranto* cases filed under Tenn. Code. Ann. § 29-35-110." This appeal ensued.

## II. ISSUES

The issues presented for review are:

A.      Whether the standard of review applicable to motions to dismiss under Rule 12.02(6) requires a trial court to accept legal conclusions as true?

B.      Whether Plaintiffs have standing to sue under Tenn. Code Ann. § 29-35-110?

C.      Whether Plaintiffs have standing to sue under *Bennett v. Stutts*, 521 S.W.2d 575 (Tenn. 1975)?

D.      Whether Plaintiff Watson's status as a county commissioner confers a "special interest" sufficient to establish standing?

E.      Whether Plaintiffs have standing as "local taxpayers?"

---

[10]The trial court therefore did not reach the merit of the constitutional challenges.

# III. STANDARD OF REVIEW

The trial court granted Defendants' Tenn. R. Civ. P. 12.02(6) motion to dismiss for "failure to state a claim upon which relief can be granted." Such a motion challenges the legal sufficiency of the complaint, not the strength of the factual allegations in the complaint. *Trau-Med of America, Inc. v. Allstate, Ins.*, 71 S.W.3d 691, 696 (Tenn. 2002). Therefore, the trial court's conclusion to grant a Rule 12.02(6) motion to dismiss is subject to a *de novo* review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

# IV. DISCUSSION

## A.

Plaintiffs assert that the standard of review applicable to motions to dismiss under Tenn. R. Civ. P. 12.02(6) required the trial court to accept legal conclusions as true. Thus, Plaintiffs contend that the trial court erred when it dismissed Plaintiffs' complaint for lack of standing when the complaints alleged standing pursuant to Tenn. Code Ann § 29-35-110; standing as public-spirited citizens pursuant to *Bennett v. Stutts*, 521 S.W.2d at 577; Plaintiff Watson's special interest standing as a county commissioner; and standing as local taxpayers. Conversely, Defendants argue that the determination of whether Plaintiffs have standing is a legal conclusion and cannot be accepted as true simply because it was alleged in both complaints. The record does not show that this issue was raised in the trial court; however, this court can *sua sponte* consider this issue on appeal. *See Pub. Employees for Envtl. Responsibility v. Tenn. Water Quality Control Bd.*, No. M2008-01567-COA-R3-CV, 2009 WL 1635087, at *5, 6 (Tenn. Ct. App. W.S., June 10, 2009).

In Tennessee, courts have recognized that the belief a court must accept all allegations stated in a complaint as true does not apply to legal conclusions. *See Morris v. Grusin*, No. W2009-00033-COA-R3-CV, 2009 WL 4931324, at *3 (Tenn. Ct. App. W.S., Dec. 22, 2009) (quoting *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007))). The doctrine of standing is a tool used by judges to determine whether a particular litigant is entitled to have a court decide the merits of a dispute. *ACLU v. Darnell*, 195 S.W.3d 612, 620 (Tenn. 2006). The Tennessee Supreme Court has expressly stated that "standing does not depend upon a plaintiff's likelihood of success on the merits; however, the standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Darnell*, 195 S.W.3d at 620 (citing *City of Brentwood v. Metropolitan Bd. of Zoning Appeals*, 149 S.W.3d 49, 56 (Tenn.

Ct. App. 2004). Thus, standing is a legal conclusion and not a fact. The trial court was not required to accept as true Plaintiffs' allegations of standing and did not err in granting Defendants' motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(6) for failure to state a claim.

## B. and C.

Plaintiffs further argue that the trial court erred when it held that Plaintiffs did not have standing to pursue their claims in the nature of a *quo warranto* because they failed to establish the first requirement of standing: a special interest or injury. Plaintiffs contend that they do not have to show a special interest or injury to have standing to pursue their claims against Defendants. They argue that both Tenn. Code Ann. § 29-35-110 and *Bennett v. Stutts* carve out an exception to the longstanding rule that private citizens cannot bring an action alleging wrongful acts of public officials without a special interest or injury that is not common to general public.

In the recent case of *State ex rel. DeSelm v. Owings*, 310 S.W.3d 353(Tenn. Ct. App. 2009), this court reiterated the concepts of standing set forth by the Tennessee Supreme Court in *ACLU v. Darnell*, 195 S.W.3d 612, 619-22 (Tenn. 2006):

> Courts employ the doctrine of standing to determine whether a particular litigant is entitled to have a court decide the merits of a dispute or of particular issues. Grounded upon "concern about the proper – and properly limited – role of the courts in a democratic society," the doctrine of standing precludes courts from adjudicating "an action at the instance of one whose rights have not been invaded or infringed." The doctrine of standing restricts "[t]he exercise of judicial power, which can so profoundly affect the lives, liberty, and property of those to whom it extends, . . . to litigants who can show 'injury in fact' resulting from the action which they seek to have the court adjudicate." Without limitations such as standing and other closely related doctrines "the courts would be called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent to address the questions and even though judicial intervention may be unnecessary to protect individual rights."

*DeSelm*, 310 S.W.3d at 357 (internal citations omitted). In addition, as the trial court noted, the Tennessee Supreme Court has held that to have standing, it is necessary that a plaintiff establish three elements. *Darnell*, 195 S.W.3d at 620. First, a plaintiff must establish a special interest or injury that is not shared with all other citizens. *Id*. Conjectural or

hypothetical injuries are not enough to show a special interest or injury. *Id*. Second, a plaintiff must demonstrate a causal connection between "the claimed injury and the challenged conduct." *Id*. Lastly, a plaintiff must show that "the alleged injury is capable of being redressed by a favorable decision of the court." *Id*.

A plaintiff cannot proceed under Tenn. Code Ann. § 29-35-110 *unless* the district attorney general consents to bring the suit on the plaintiff's behalf. Tenn. Code Ann. § 29-35-110(a) provides as follows:

> (a) It is also brought on the information of any person, upon such person giving security for the costs of the proceedings, to be approved by the clerk of the court in which the bill is filed.

The antecedent "it" refers back to Tenn. Code Ann. §29-35-109, which states:

> The suit is brought by the attorney general for the district or county, when directed so to do by the general assembly, or by the governor and attorney general of the state concurring.

In *State ex rel. v. McConnell*, 71 Tenn. 332, 1879 WL 3853, at *3 (Tenn. 1879), the Tennessee Supreme Court determined that the two statutes must be read in conjunction.[11] Section 29-35-110 does not state that suits are brought *by* any person, but rather that suits are "brought *on the information* of any person." (emphasis added). Thus, the statute does not provide for a typical private right of action.

Under Tennessee law, it is well-established that private citizens cannot bring an action alleging misconduct of public officials without evincing a special interest that is not common to the public at large. *Badgett v. Rogers*, 436 S.W.2d 292, 379 (Tenn. 1968). In *Bennett v. Stutts,* 521 S.W.2d at 577, the Court stated that "private citizens . . . cannot maintain an action complaining of the wrongful acts of public officials unless such private citizens aver special interest or a special injury not common to the public generally." *See also City of New Johnsonville v. Handley*, No. M2003-00549-COA-R3-CV, 2005 WL 1981810, at *16 (Tenn. Ct. App. W.S., Aug. 16, 2005). If citizen-plaintiffs fail to aver a special interest or injury, "it is the duty of the trial judge to dismiss the case." *Badgett*, 436 S.W.2d at 379.

There are limited situations in which a private citizen may file a *quo warranto* action

_____

[11] At the time of the Court's decision in *McConnell*, what is now Tenn. Code Ann. § 29-35-109 was § 3412 of the 1858 Code. Likewise, §3413 of the 1858 Code was the predecessor to Tenn. Code Ann. § 29-35-110.

under Tenn. Code Ann. § 29-35-110. However, Tennessee courts have consistently stated "the lawsuit *must* be brought in the name of the district attorney general." *Dossett v. City of Kingsport*, 258 S.W.3d 139, 144 (Tenn. Ct. App. 2007) (quoting *State ex. rel. Wallen v. Miller*, 304 S.W.2d 654, 658-59 (Tenn. 1957) (emphasis added). In *Bennett v. Stutts*, the Court stated that when citizens seek to remedy a public wrong, "a copy of the complaint shall be served on the District Attorney General." *Bennett*, 521 S.W.2d at 577. In such an action, the district attorney general has the discretion to dismiss the action if he/she determines that the suit was improperly brought. *Miller*, 304 S.W.2d at 659; *see also Dossett*, 258 S.W.3d at 144-45. The district attorney general must not "act arbitrarily or capriciously or . . . be guilty of palpable abuse of . . . discretion in declining to" pursue such a suit. *Bennett*, 521 S.W.2d at 577. If the district attorney general decides not to bring the suit, "[i]t shall be the duty of the trial court . . . to conduct an *in limine* hearing designed to determine whether to permit plaintiffs to proceed." *Id.* If the trial court determines that the claim is meritorious or that the district attorney general's refusal to bring the action was improper or unjustified, the "trial court shall permit the action to proceed." *Id.*

In the present case, Plaintiffs recognize these general principles, but maintain that under *Bennett*, the requirement for a special interest or injury only applies to suits brought in a private citizen's name and not suits in the nature of a *quo warranto* brought in the name of the State of Tennessee. We disagree. Under the tenets of *Bennett*, "the failure of an attorney general to act or allow his or her name to be used simply means that the attorney general's preeminent role in this area will give way to a *plaintiff with standing*." *State ex rel. DeSelm*, 310 S.W.3d at 359; *see Bennett*, 521 S.W.2d at 577. Thus, if the district attorney general determines that a plaintiff's suit challenging the conduct of public officials is without merit, the plaintiff has standing to bring the suit *only* if the plaintiff can demonstrate a special interest or injury.

In the case before us, Plaintiffs' arguments must fail. The trial court was correct in stating:

> Plaintiffs have failed to establish any injury in fact. Specifically, Plaintiffs have failed to show a distinct and palpable injury. Without finding that Plaintiffs have established any injury at all, even if there is any such injury to Plaintiffs, it would be, at most, an injury only to an interest that Plaintiffs share in common with all other citizens.

Further, we agree with the conclusion of the trial court that Plaintiffs do not have standing to pursue their claims under Tenn. Code Ann. § 29-35-110 and the framework of *Bennett v. Stutts*, as upon "the failure of an attorney general to act or allow his or her name to be used simply means that the attorney general's preeminent role in this area will give way to a

*plaintiff with standing.*" *Bennett*, 521 S.W.2d at 577 (emphasis in original). As Plaintiffs lack standing, they cannot proceed with this action.

## D.

Additionally, Plaintiffs maintain that the trial court failed to determine whether Plaintiff-Commissioner Arlie "Max" Watson has a special interest or injury that is not common to the general public. It appears that the first time the issue was brought before the trial court was in Plaintiffs' motion to alter or amend the judgment of the court *after* the trial court dismissed Plaintiffs' complaints.

This court has previously determined that a citizen's status as a public official does not confer a "special interest" that is sufficient to establish standing. *See Malone v. City of Knoxville*, No. E2002-00734-COA-R3-CV, 2003 WL 21018633, at *3 (Tenn. Ct. App. E.S., May 5, 2003). In *Malone*, we addressed whether membership on a city council established standing:

> The duties to uphold state law and the state and federal constitutions which the Appellants assert arise from their oath of office and the Appellants' status as members of the city council and beer board are, in our opinion, too general to give them standing in this case. . . . "[w]hile the court in the *Peeler* [*v. Luther*, 135 S.W.2d 926 (Tenn. 1940)] case emphasized that the plaintiff was a county official in addition to being a private citizen, the court did not give any reason to believe that such 'public official' status constituted an exception in itself to the general rule prohibiting a public wrong suit absent a special interest or injury."

2003 WL 21018633, at *3. Accordingly, we do not find that Plaintiff Watson's mere position on the Board provides him with standing in this matter.

### E.

Finally, Plaintiffs contend that they have standing as taxpayers of Sevier County. However, the trial court found that "to the extent that Plaintiffs attempt to rely upon the fact that they are taxpayers of Sevier County, they have not made any specific allegations of any illegal expenditure, or any increase of a tax burden upon them or any other Sevier County taxpayer."

-12-

We agree. The appropriation of public funds has nothing to do with the complaints raised in this action. *See State ex rel. DeSelm*, 310 S.W.3d at 359; *Parks v. Alexander*, 608 S.W.2d 881, 886 (Tenn. Ct. App. 1980); *see also Ragsdale v. City of Memphis*, 70 S.W.3d 56, 62-63 (Tenn. Ct. App. 2001). Therefore, Plaintiffs cannot establish standing on this basis.

## V. CONCLUSION

The judgment of the trial court is affirmed. Costs on appeal are assessed to Plaintiffs, Arlie "Max" Watson, Peggy Marshall, John A. Meyers, and Gerra Davis-Mary. This case is remanded to the trial court, pursuant to applicable law, for the collection of costs assessed below.

_____
JOHN W. McCLARTY, JUDGE

-13-