IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
March 20, 2012 Session

## AL H. THOMAS, ON BEHALF OF HIMSELF AND THE CITIZENS AND TAXPAYERS OF THE CITY OF MEMPHIS
v.
## JOSEPH LEE, III, ROBERT L. J. SPENCE, JR., AND HALBERT E. DOCKINS, JR.

**Appeal from the Chancery Court of Shelby County**
**No. CH–09-1495-2    Arnold B. Goldin, Chancellor**

_____

**No. W2011-01645-COA-R3-CV - Filed May 29, 2012**

_____

This appeal involves a lawsuit by a taxpayer. The taxpayer filed this action on behalf of the citizens of the municipality to prevent a disputed disbursement of funds, naming as defendants the municipality, the municipality's utility district, and three private citizens. By the time the initial hearing in this matter took place, the only defendants who remained in the suit were the three private citizens. Finding that the taxpayer lacked standing to pursue this action, the trial court dismissed the case. The taxpayer then filed a motion to alter or amend, seeking to continue to pursue the lawsuit, pursuant to *Bennett v. Stutts*, 521 S.W.2d 575 (Tenn. 1975). The trial court denied the motion to alter or amend. The taxpayer appeals. We affirm, finding the exception in *Bennett v. Stutts* inapplicable.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
is Affirmed and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Ronald D. Krelstein, Germantown, Tennessee for Plaintiff/Appellant, Al Thomas.

Ricky E. Wilkins & Sharon Harless Loy, Memphis, Tennessee for Defendant/Appellees, Joseph Lee, III and Robert L. J. Spence, Jr.[1]

_____

[1]On January 20, 2012, Defendant/Appellee Halbert E. Dockins, Jr. filed a notice of joinder in the brief of appellees Joseph Lee, III and Robert L. J. Spence Jr. with this Court and incorporated by reference all facts and arguments contained therein.

## OPINION

### FACTS AND PROCEEDINGS BELOW

This appeal involves one of the avenues by which Plaintiff/Appellant Al Thomas ("Thomas") sought to attack the decision by the City of Memphis to pay funds to Defendant/Appellee Joseph Lee, III ("Lee") in settlement of Lee's lawsuit against the City.[2]

This case arises from a lawsuit filed by Lee in December 2008 against the City of Memphis and members of the Memphis City Council ("*Lee v. City of Memphis*"). Lee was appointed by the former Mayor of the City of Memphis, Mayor W. W. Herenton, as the president of Memphis's utility district, Memphis, Light, Gas & Water ("MLGW"). While serving in that capacity, Lee was named in criminal charges. He hired Defendant/Appellee Robert L. J. Spence, Jr. ("Spence"), an attorney, to defend him. After the charges were dismissed, Lee sought payment of his legal fees by the City, in the amount of $426,422. When the fees were not paid, Lee filed the lawsuit against the City and MLGW, asserting that the Memphis City Council voted to deny his request for payment of his legal fees on the basis of his race or another protected category. Eventually, the City of Memphis made an offer of judgment to Lee in the full amount of legal expenses Lee requested. Not surprisingly, Lee accepted the offer. On June 30, 2009, the trial court entered a final judgment in Lee's favor in the amount of $426,422.

On July 9, 2009, taxpayer Thomas sent a notice to the City of Memphis and MLGW, informing them of his belief that any payment of legal fees to Lee pursuant to the settlement agreement would be unlawful and contrary to the public policy of Tennessee. On July 15, 2009, Thomas filed the instant lawsuit seeking a declaratory judgment and injunctive relief "on behalf of himself and the citizens and taxpayers of the City of Memphis."[3] Thomas sought to enjoin the City of Memphis and MLGW from making any payments to Lee,

---

[2] For a more comprehensive recitation of the facts which led to the instant appeal, see *Joseph Lee, III v. City of Memphis, et al.*, No. W2011-01643-COA-R3-CV, 2012 WL 1245665, at *1-2; 2012 Tenn. App. LEXIS 230, at *1-6 (Tenn. Ct. App. Apr. 11, 2012).

[3] At the same time, Thomas also filed a motion to intervene in *Lee v. City of Memphis*, seeking to have the final judgment vacated pursuant to Rule 60.02(3). *Lee v. City of Memphis*, 2012 WL 1245665, at *2; 2012 Tenn. App. LEXIS 230, at *5. Thomas asserted that the judgment was void because MLGW was a necessary party and was not joined in the action. *Id.* at *2. This motion lay dormant for two years. *Id.* at *2. On June 23, 2010, the trial court entered an order denying Thomas's motion to intervene on grounds that it was not timely filed and that Thomas lacked standing. *Id.* at *2. This order was appealed. On April 11, 2012, this Court released a Memorandum Opinion finding that the trial court did not err in denying Thomas's motion to intervene on the basis that it was untimely. The Court did not address whether Thomas had standing to intervene. *Id.* at *4.

Spence, or another of Lee's attorneys, Defendant/Appellee Halbert E. Dockins, Jr. ("Dockins")[4] (collectively "Defendants") pursuant to the settlement agreement in *Lee v. City of Memphis*. Although Thomas was apparently aware that the funds had already been paid to Lee, his lawsuit also sought a restraining order to prevent the distribution of funds. In August 2009, Lee, Spence, Dockins, and the City of Memphis filed motions to dismiss.[5]

In August 2009, at a hearing on Thomas's request for a restraining order, the trial court determined that the funds in question had already been distributed to the appropriate parties, so a restraining order was inappropriate. At this time, the District Attorney General asked the trial court for thirty days to review Thomas's complaint to determine whether the Attorney General would participate in it.

Subsequently, Thomas took a voluntary non-suit as to the City of Memphis and MLGW. The City of Memphis was permitted to intervene as a plaintiff in Thomas's lawsuit. The lawsuit remained pending against individual Defendants Lee, Spence, and Dockins.

On December 1, 2009, the trial court held a hearing on the Defendants' individual motions to dismiss. On December 14, 2009, the trial court entered an order granting the motions to dismiss, holding that, "as a matter of law [Thomas], does not have standing to sue the individual defendants to make a recovery for the benefit of the City of Memphis."

Two days later, Thomas filed a motion to alter and amend the order. He asked the trial court to permit him to proceed on behalf of the District Attorney General, citing *Bennett v. Stutts*, 521 S.W.2d 575 (Tenn. 1975). Thomas asked the trial court to amend its prior order, conduct an *in limine* hearing pursuant to *Bennett*, and authorize Thomas to pursue his action "not as a mere taxpayer, but on behalf of the State."

In May 2011, the District Attorney General filed a notice with the trial court that he declined to participate in Thomas's lawsuit. The District Attorney General indicated that their office was pursuing a separate ouster suit on the same subject matter as Thomas's lawsuit. Shortly after that, the City of Memphis, as intervening plaintiff, filed a voluntary non-suit. This left Thomas as the only plaintiff pursuing his claim against individual Defendants Lee, Spence, and Dockins.

On June 23, 2011, the trial court entered an order denying Thomas's motion to alter or amend. In this order, the trial court reiterated that Thomas did not have standing because he

_____

[4]Defendant Dockins is an attorney who represented Lee in *Lee v. City of Memphis*.

[5]In August 2009, MLGW filed an answer asserting, *inter alia*, failure to state a claim and lack of standing.

could not claim a special interest or injury, and then addressed Thomas's request to be permitted to proceed pursuant to **Bennett v. Stutts**.

The trial court first found that the District Attorney General acted within his prosecutorial discretion in declining to participate in Thomas's lawsuit. It also said that Thomas's lawsuit was filed as a *quo warranto* action, alleging wrongful acts by a public official. However, Thomas had taken a voluntary non-suit against the City of Memphis, leaving only private citizens as defendants,[6] and the trial court held that a *quo warranto* action cannot stand against private citizens. On this basis, the trial court denied Thomas's motion to alter or amend. Thomas now appeals.

### ISSUES ON APPEAL AND STANDARD OF REVIEW

Thomas presents three issues for review by this Court. First, Thomas argues that the trial court erred in holding that Thomas, acting on behalf of the City of Memphis, did not have standing under **Bennett v. Stutts** to recover the funds paid to the individual defendants. Thomas also argues that the trial court erred in not conducting an *in limine* hearing to determine whether his action was meritorious. Finally, he contends that the District Attorney General abused his discretion in refusing to prosecute this action.

### ANALYSIS

Initially, we must clarify the procedural posture of this case and the issues raised. We note that all of the issues that Thomas raises on appeal arise from his request for authorization to proceed as a private citizen in the name of the State of Tennessee to rectify a public wrong, under **Bennett v. Stutts**. This authorization was requested by Thomas in the context of his motion to alter or amend the trial court's order granting the motions to dismiss filed by Defendants Lee, Spence, and Dockins. Thus, Thomas does not appeal the trial court's original grant of the motions to dismiss, only the trial court's order on the motion to alter or amend. On appeal, we review a trial court's denial of a motion to alter or amend for an abuse of discretion. **Chambliss v. Stohler**, 124 S.W.3d 116, 120 (Tenn. Ct. App. 2003). All of Thomas's issues on appeal are premised on whether he can proceed under **Bennett v. Stutts** in the subject lawsuit. Therefore, as a threshold matter, we examine the ruling in **Bennett v. Stutts**.

Thomas does not dispute the overall principle set forth in **Bennett**: "It is the settled law in this state that private citizens, as such, cannot maintain an action complaining of the

---

[6]Lee was no longer the president of MLGW at the time Thomas's lawsuit was filed; thus, Lee was sued in his individual capacity as opposed to his official capacity.

wrongful acts of public officials unless such private citizens aver special interest or a special injury not common to the public generally." **Bennett**, 521 S.W.2d at 576 (citing **Badgett v. Broome**, 409 S.W.2d 354, 356 (Tenn. 1966)**; Skelton v. Barnett**, 227 S.W.2d 774, 775 (Tenn. 1950); **Patton v. City of Chattanooga**, 65 S.W. 414, 421-22 (Tenn. 1901)). **See also DeSelm v. Tenn. Peace Officers Stand. and Training Comm.** ("**Tenn. Peace Officers**"), No. M2009-01525-COA-R3-CV, 2010 WL 3959627, at *21 (Tenn. Ct. App. Oct. 8, 2010). The trial court below found that Thomas had alleged no such special interest or special injury, and Thomas has not appealed that ruling. Nevertheless, Thomas seeks a narrow basis for a taxpayer to proceed set forth in **Bennett**, discussed below.

In **Bennett**, residents and taxpayers of Dyer County filed a lawsuit against the Dyer County Quarterly Court and its members. **Bennett**, 521 S.W.2d at 576. The plaintiffs alleged that the Quarterly Court conducted an unlawful secret ballot. **Id.**; **Tenn. Peace Officers**, 2010 WL 3959627, at *21. They sought a declaration voiding the election that resulted from the secret ballot. **Bennett**, 521 S.W.2d at 576. The trial court held that the action should have been filed as a *quo warranto* proceeding, so the plaintiffs amended their complaint to state a *quo warranto* claim for relief. **Id.** The trial court dismissed the lawsuit for lack of standing, finding that a *quo warranto* action must be filed by the Attorney General, not by private citizens. **Id.**; **Tenn. Peace Officers**, 2010 WL 3959627, at *21. The plaintiffs appealed to the Tennessee Supreme Court.

On appeal, the Supreme Court in **Bennett** largely agreed with the trial court's holding, but carved out a narrow exception to the broad principle on which the trial court relied. **Bennett**, 521 S.W2d at 577. It acknowledged that requiring *quo warranto* actions against public officials to be brought by the Attorney General "can create insurmountable problems" and may "stifle" citizens who are "public spirited" if the Attorney General fails to take action. **Id.**; **Tenn. Peace Officers**, 2010 WL 3959627, at *22. The **Bennett** Court held:

> If the District Attorney General. . . should act arbitrarily or capriciously or should be guilty of palpable abuse of his discretion in declining to bring such an action, or in authorizing its institution, the courts will take jurisdiction upon the relation of a private citizen, in the name of the State of Tennessee.
>
> When citizens sue to rectify a public wrong, under these circumstances, a copy of the complaint shall be served upon the District Attorney General. It shall be the duty of the trial court forthwith to conduct an *in limine* hearing designed to determine whether to permit plaintiffs to proceed. If it be determined that the District Attorney General's refusal to bring the action, or to authorize the use of his name in its institution, was improper or unjustified, or that plaintiff's

case is prima facie meritorious, the trial court shall permit the action to proceed.

***Bennett***, 521 S.W.2d at 577 (Tenn. 1975) (citations omitted); ***Tenn. Peace Officers***, 2010 WL 3959627, at *22.  In this appeal, Thomas argues that the trial court erred, for several reasons, in not permitting him to proceed under the above ***Bennett*** exception.

Thomas's argument fails for at least two reasons.  First, the situation for which the ***Bennett*** exception was established is not present in this case.  In ***Bennett***, the "public spirited citizens" sought to proceed against public officials for wrongdoing in their public actions.  In the case at bar, Thomas voluntarily dismissed his claims against the City of Memphis and MLGW.  All that is left are claims against private citizens, namely, Lee, Spence, and Dockins.  Thomas cites no authority for application of ***Bennett v. Stutts*** in a lawsuit by one private citizen against other private citizens.[7]

In addition, Thomas's argument fundamentally misapprehends the nature of the exception established in ***Bennett v. Stutts***.  In his appellate brief, Thomas states: "***Bennett*** allows a very narrow exception to the general rule that a citizen like Thomas does not have standing to sue unless he alleges a specific harm to himself as opposed to the public generally."  ***Bennett***, however, did not establish an exception to the rule requiring a special interest or injury; it only established an exception to the rule that a *quo warranto* proceeding must be pursued by the Attorney General.  Indeed, the plaintiffs in ***Bennett v. Stutts*** were not permitted to proceed under the ***Bennett*** exception *because* they lacked standing.  ***Bennett***, 521 S.W.2d at 578.

This issue was addressed by this Court in ***DeSelm v. Owing***, 310 S.W.3d 353 (Tenn. Ct. App. 2009).  The plaintiffs in ***DeSelm*** contended that the trial court should have held an *in limine* hearing to determine whether the plaintiffs should be permitted to proceed under the ***Bennett*** exception "regardless of whether the plaintiffs have standing under the general principle reiterated in ***Bennett***."  ***DeSelm***, 310 S.W.3d at 359.  The ***DeSelm*** court explained:

> ***Bennett's*** reference to the district attorney general is simply a recognition of the unique role of the attorney general in suits of this nature.  However, despite this unique role, ***Bennett*** makes clear that the attorney general cannot "act

---

[7]Thomas attempts to argue that he has standing to bring a *quo warranto* action against private defendants, based on ***Bonner v. Andrews***, 175 S.W. 563 (Tenn. 1914).  He argues that ***Bonner*** establishes that standing is not necessary because an individual taxpayer has the right to sue private citizen defendants to recover funds for the benefit of the municipality in the absence of a statute vesting the taxpayer with that right. After reviewing ***Bonner,*** we find that it is inapposite and that this argument is without merit.

arbitrarily or capriciously" or "be guilty of palpable abuse of his discretion in declining to" pursue or allow such a suit to be pursued in the attorney general's name. ***Bennett*** does *not* expressly say that the failure to act of a recalcitrant attorney general will, *ipso facto*, convert a plaintiff, *without standing in the traditional sense*, into a plaintiff with standing. In the absence of such an express holding by the High Court, we conclude that the failure of an attorney general to act or allow his or her name to be used, simply means that the attorney general's preeminent role in this area will give way to a *plaintiff with standing*.

We find no error in the trial court's failure to conduct a hearing on the "attorney general" issue discussed in ***Bennett***. . . . The record clearly reflects that the plaintiffs do not "aver special interest or a special injury not common to the public generally." We do not doubt that these plaintiffs are "public spirited citizens," active in the political and public affairs of the community, "politically associated persons," and that they have participated in the filing of many lawsuits in an effort to remedy and correct what they perceive to be wrongful and illegal conduct by public officials. None of this, however, vests them with standing. In the absence of standing, they cannot proceed with this action.

***DeSelm***, 310 S.W.3d at 359 (emphasis in original) (referencing ***Bennett***, 525 S.W.2d at 576-77). ***See also Tenn. Peace Officers***, 2010 WL 3959627, at *23.

In granting the motions to dismiss filed by the individual Defendants, the trial court below found that Thomas has failed to allege any personal stake or any "special interest or a special injury not common to the public generally." This ruling was not appealed. Thus, it is undisputed that Thomas does not have a "special interest or a special injury not common to the public generally," and does not have standing to proceed with a *quo warranto* action under ***Bennett v. Stutts***.

These holdings pretermit any other issues raised on appeal. We agree with the holding of the trial court and find no error.

**CONCLUSION**

The decision of the trial court is affirmed. Costs on appeal are taxed to the Appellant Al H. Thomas and his surety, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE