# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### July 21, 2011 Session

## WILLIAM H. THOMAS, JR., d/b/a THOMAS INVESTMENTS, A Tennessee Sole Proprietorship v. SHELBY COUNTY, TENNESSEE, ET AL.

### Direct Appeal from the Circuit Court for Shelby County
#### No. CT-003001-06     Donna M. Fields, Judge

---

### No. W2010-01472-COA-R3-CV - Filed August 12, 2011

---

The trial court entered summary judgment in favor of Defendants, finding that Plaintiff's action was filed beyond the limitations period. Plaintiff appeals. We affirm summary judgment on the basis of standing and ripeness.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Robert L. Green and Darryl D. Gresham, Memphis, Tennessee, for the appellant, William H. Thoms, Jr.

Kelly Rayne, Eugene C. Gaerig and Robert B. Rolwing, Memphis, Tennessee, for the appellee, Shelby County, Tennessee.

Allan J. Wade and Brandy S. Parrish, Memphis, Tennessee, for the appellee, the City of Memphis, Tennessee.

Robert L.J. Spence, Jr., Memphis, Tennessee, for the appellee, Clear Channel Outdoor, Inc.

### OPINION

The facts determinative to our disposition of this matter on appeal are not disputed. Plaintiff/Appellant William H. Thomas (Mr. Thomas) is a sole proprietor doing business as Thomas Investments. He is engaged in the outdoor advertising business. In July 2004 and December 2005, the Office of Construction Code Enforcement for Memphis and Shelby

County ("Code Enforcement") denied Mr. Thomas's applications for building permits to erect billboards at Broad Avenue and South Prescott Street in Memphis. Mr. Thomas appealed the decision to the Memphis and Shelby County Board of Adjustment ("the Board"), which heard the appeal in March 2006. On March 22, 2006, the Board denied Mr. Thomas's appeal. Mr. Thomas did not appeal the Board's decision within the 60 days provided by Tennessee Code Annotated § 27-9-102.[1]

On June 9, 2006, Mr. Thomas filed a complaint for declaratory judgment and monetary damages against the City of Memphis and Shelby County in the Circuit Court for Shelby County. In his action, Mr. Thomas sought a declaration that the nonconformity provisions of the Memphis and Shelby County Zoning Code were contrary to State law. He referenced the Broad Avenue and South Prescott sign locations as a basis for standing to challenge the code. He also asserted violation of his Constitutional rights to due process and equal protection under 42 U.S.C. § 1983, alleging that Memphis and Shelby County had failed to follow their rules of procedure with respect to his applications; that the Board was illegally constituted; and that the allegedly invalid zoning ordinances deprived him of the lawful use of his property. Defendants removed the matter to federal court pursuant to 28 U.S.C. § 1331.

In September 2006, while the matter was pending in federal court, Mr. Thomas constructed a sign at the South Prescott location despite the Board's decision. The federal court dismissed Mr. Thomas's 42 U.S.C. § 1983 claims and remanded the matter to state court for resolution of the state law claims. In March 2007, Shelby Country filed a motion to dismiss based upon expiration of the statute of limitations applicable to writs of certiorari and on the theory of *res judicata*. Mr. Thomas filed a motion for summary judgment in June 2009. In his statement of undisputed facts, Mr. Thomas recited facts applicable to the July 2004 and December 2005 denial of his billboard permit applications. He prayed for a judgment ordering the City of Memphis and Shelby County to issue the permits, attorney's fees, and compensatory damages. Appellee Clear Channel Outdoor, Inc. ("Clear Channel") filed a motion to intervene in the matter in June 2009. The trial court granted the motion in September 2009.

On August 11, 2009, Memphis moved for summary judgment, asserting that Mr.

---

[1]Appellee Shelby County asserts that, pursuant to the private acts applicable to Memphis and Shelby County, appeal of the Board's decision is by writ of certiorari and must be brought within 30 days. Appellee City of Memphis asserts appeal is pursuant to the Uniform Administrative Procedure Act, and that appeal from the Board's decision must be brought within 60 days. Mr. Thomas filed his action well beyond either limitations period.

Thomas had filed his action beyond the limitations period and further asserting that Mr. Thomas lacked standing to bring the declaratory judgment action. Shelby County and Clear Channel joined the motion.[2] The trial court construed Mr. Thomas's complaint as, in effect, an untimely appeal of the Board's decision. On May 14, 2010, the trial court awarded summary on the grounds that the action was barred by the limitations period. The trial court denied summary judgment on the grounds of res judicata. The order was made final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Mr. Thomas filed a timely notice of appeal to this Court.

### Issues Presented

Mr. Thomas presents the following issue for our review:

Whether the Shelby County Circuit Court committed error when it applied a sixty day statute of limitations pursuant to T.C.A. § 27-9-102, in the declaratory judgment action filed by Appellant in which he sought to challenge the legality of the joint City of Memphis and Shelby County ordinances M.C.C. § § 156 and 159.9.

Shelby County cross-appeals, asserting the trial court erred by failing to award summary judgment on the basis of *res judicata*.

### Standard of Review

We review a trial court's award of summary judgment *de novo*, with no presumption of correctness, reviewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citations omitted). Summary judgment is appropriate only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id*. at 83 (quoting Tenn. R. Civ. P. 56.04). The burden is on the moving party to demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id*. (citations omitted). The issue of whether a claim is barred by an applicable statute of limitations likewise is a question of law. *Brown v. Erachem Comilog, Inc.*, 231 S.W.3d 918, 921 (Tenn. 2007). We review questions of law *de novo*, with no presumption of correctness

---

[2]Defendants filed counter-complaints which have not been fully resolved in the trial court. Our review is confined to the trial court's judgment entered as final pursuant to Rule 54.02.

for the determination of the trial court.  Tenn, R. App. P. 13(d).

### *Discussion*

We begin our discussion by noting that Mr. Thomas continually has asserted that his action is one for declaratory judgment, and not an appeal of the Board's denial of his application.  In his brief to this Court, Mr. Thomas asserts

> At no point was Appellant challenging or appealing the actual ruling of the Board wherein they denied his billboard applications, but rather the Complaint clearly states Appellant was at all times challenging the legality of the actual ordinances on which the ruling was based.

We are somewhat perplexed by Mr. Thomas's assertion that the Board's denial of his applications with respect to the Broad Avenue and South Prescott Street billboards are not the underlying subject of this litigation where the judgment sought by Mr. Thomas includes an order that he be granted permits for them.  Clearly, any action challenging the Board's decision could only have been brought as an appeal subject to the statutory limitations period.  However, assuming, as counsel for Mr. Thomas urged at oral argument of this matter, that the status of the Broad Avenue and South Prescott Street billboards are not at issue in this litigation, and that Mr. Thomas is not challenging the Board's action with respect to those billboards, the present case must be separated from and viewed independently of the Board's denial of Mr. Thomas's application.  Any challenge arising from that decision could only be brought within the limitations period; the current lawsuit clearly was not.  Viewing Mr. Thomas's action for declaratory judgment completely apart from any previous Board action, we conclude that there was no live case or controversy before the trial court and affirm summary judgment on that basis.[3]

The doctrines of justiciability, including standing, ripeness, and the prohibition against advisory opinions guide the courts in deciding whether a particular action presents a legal controversy.  *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam County*, 301 S.W.3d 196, 203 (Tenn. 2009)(citing *compare* 13 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, Federal Practice and Procedure § 3529, at 612 (3d ed. 2008) . . ., with Barbara Kritchevsky, Justiciability in Tennessee, Part One: Principles and Limits, 15 Mem. St. U.L.Rev. 1, 3 n. 5 (1984)).  It is well-settled that the role of the court is to adjudicate and settle legal rights, not to give abstract or advisory opinions.  *Id.* (citations omitted).  A matter qualifies as a "legal controversy" when and if there exists a real and

---

[3]This Court may affirm an award of summary judgment on different grounds. *Hill v. Lamberth*, 73 S.W.3d 131, 136 (Tenn. Ct. App. 2001).

disputed issue. *Id*. Theoretical or abstract questions do not constitute a legal controversy. *Id*. Rather, a there must be a real dispute "between parties with real and adverse interests." *Id*. The determination of whether a matter is ripe for review involves a determination of "'whether the harm asserted has matured sufficiently to warrant judicial intervention[.]'" *American Civil Liberties Union of Tennessee v. Darnell*, 195 S.W.3d 612, 620 n. 7 (Tenn. 2006)(quoting *Warth v. Seldin*, 422 U.S. 490, 499 n. 10, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). Accordingly, the courts will not address an issue that is not ripe for review. *City of Memphis v. Shelby County Election Com'n,* 146 S.W.3d 531, 539 (Tenn.2004). Although a showing of present injury is not required in a declaratory judgment action, a real "case" or "controversy" must nevertheless exist. *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 837–38 (Tenn. 2008). A lawsuit brought as a declaratory judgment action may be dismissed for lack of ripeness. *Id*.

The doctrine of standing is used by the court to determine whether a plaintiff is "properly situated to prosecute the action." *Marceaux v. Sundquist*, 107 S.W.3d 527, 531 (Tenn. Ct. App. 2002)(quoting *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn.1976)). In order to establish standing, a party must demonstrate (1) that it has suffered an injury which is "distinct and palpable," (2) a causal connection between that injury and the conduct complained of, and (3) "that a favorable decision will redress that injury." *Id*. (citations omitted). "These elements are indispensable to the plaintiff's case[.]" *Id*.

In the present case, the only injury complained of in Mr. Thomas's declaratory judgment action relates to the Board's denial of his applications. As noted above, the Board's action could be redressed only in the context of an appeal seeking to reverse the Board's judgment and a declaration that the underlying ordinances were invalid. Such an action could be brought only within the limitations period. Mr. Thomas has asserted no distinct or palpable injury unrelated to the Broad Avenue and South Prescott Street billboards. In the absence of an injury, Mr. Thomas lacks standing to assert the declaratory judgment action. With respect to Mr. Thomas's assertion that he is likely to suffer a future injury by reason of a possible future dispute, that matter is not ripe for review in the absence of a current controversy.

Mr. Thomas's June 2006 action simply presented no live dispute for adjudication apart from the issues related to the Board's denial of his 2004 and 2005 applications. By June 2006, the limitations period for any appeal of the Board's decision had passed. In the absence of a live controversy, Mr. Thomas lacked standing to challenge the zoning ordinances. Issues which may be disputed regarding other billboards that Mr. Thomas may own, now or in the future, are not ripe for review.

We next turn to Shelby County's assertion that the trial court erred by failing to award

summary judgment on the basis of res judicata. In its brief, Shelby County states, "should this [C]ourt reverse the statute of limitations ruling, then it should rule that the complaint is nonetheless barred by the doctrine of *res judicata*." At oral argument of this matter, counsel for Mr. Thomas conceded that the Board's action with respect to the Broad Avenue and South Prescott Street billboards is final and binding where it was not appealed within the limitations period. In light of that concession and our disposition of this matter, the issue of whether the matter is barred by the doctrine of *res judicata* is pretermitted as unnecessary.

### *Holding*

In light of the foregoing, summary judgment in favor of Defendants is affirmed. Costs of this appeal are taxed to Appellant William H. Thomas, Jr., and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE