IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 5, 2018 Session

## EDWARD RONNY ARNOLD v. BURNS PHILLIPS, COMMISSIONER TENNESSEE DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT

Appeal from the Chancery Court for Davidson County
No. 16-1174-IV     Russell T. Perkins, Chancellor

### No. M2017-01103-COA-R3-CV

A state employee who lost his job due to a reduction-in-force was placed on administrative leave with pay and received a severance package. The Department of Labor and Workforce Development denied his claim for unemployment benefits for the period in which he received administrative leave with pay. As the employee acknowledges, he subsequently received the maximum unemployment benefits allowable for the applicable one-year period. Therefore, the employee cannot receive benefits for the contested period, which is the relief sought in this case. This case cannot provide relief to the employee, and the appeal is moot.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

Edward Ronny Arnold, Nashville, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter, and William Derek Green, Assistant Attorney General, Nashville, Tennessee, for the appellee, Burns Phillips, Commissioner of Tennessee Department of Labor and Workforce Development.

**MEMORANDUM OPINION**[1]

Edward Ronny Arnold began working for the Tennessee Department of General Services in 1993. His most recent position was as an information resource support specialist earning between $4,000.00 and $4,500.00 a month. On October 26, 2015, Mr. Arnold received a notice that his position was being eliminated as part of a reduction-in-force and that he would be separated on November 25, 2015, unless he found alternative employment with the State. In lieu of the statutorily-required thirty-day notice, Mr. Arnold was placed on administrative leave with pay until November 25, 2015, and instructed to leave the employer's premises. He also received notice that he would receive a severance package, which included a payment of $3,200.00 and tuition assistance.

Mr. Arnold submitted a claim for unemployment benefits to the Department of Labor and Workforce Development ("the Department") on October 28, 2015, and his claim was denied. He appealed to the Appeals Tribunal ("the Tribunal") and, after a hearing on January 6, 2016, the Tribunal issued a decision that Mr. Arnold was generally eligible for benefits because he was unemployed and was not at fault for the separation. By this time, the Department had issued three checks to Mr. Arnold, including his $3,200.00 severance payment. On remand, in a decision entered on January 12, 2016, the Department found that Mr. Arnold had received wages in lieu of notice and could not receive unemployment benefits through the week ending December 5, 2015. In a separate decision, dated January 13, 2016, the Department determined that Mr. Arnold received a $275 overpayment for one week due to his receipt of the severance package that week. Mr. Arnold appealed both decisions, which were consolidated.

After a rescheduling and a continuance, the appeal was heard on August 17, 2016. The Tribunal upheld the January 2016 Department decisions in a ruling issued on August 18, 2016. Mr. Arnold appealed to the Commissioner's Designee ("the Designee"), who determined that an additional hearing was necessary to accept new evidence. Mr. Arnold failed to appear at this hearing. In a decision issued on September 28, 2016, the Designee concluded that Mr. Arnold was disqualified from receiving benefits during the contested period (October 31 through November 28, 2015) because he received wages in lieu of notice. The Designee found that the severance payment did not disqualify Mr. Arnold from receiving benefits for the week of December 5, 2015.

---

[1] Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Mr. Arnold filed a petition for judicial review of the Designee's decision in chancery court, and the trial court affirmed the decision of the Designee, adopting and incorporating in full the Designee's decision. Mr. Arnold appeals.

ANALYSIS

Mr. Arnold sets forth a number of arguments on appeal, but the overarching issue is whether he is entitled to unemployment benefits for the contested period. In his appellate brief and at oral argument, Mr. Arnold admits that he has already been paid benefits for the maximum number of weeks (26) allowable under the Employment Security Law for the one-year base period beginning on the date of his claim on October 28, 2015. *See* Tenn. Code Ann. § 50-7-301(d)(1)(A) (limiting benefits to "[t]wenty-six (26) times the claimant's weekly benefit amount"). Thus, there is no monetary remedy available to Mr. Arnold as he is no longer eligible to receive unemployment benefits for the contested period.

Mr. Arnold argues that "the remedy remains ruling Administrative Leave with Pay is not wages as stated in Tenn. Code Ann. 50-7-211(a), Tenn. Code Ann. 50-7-213(a); Rule 0800-10-04-01, and the State of Tennessee Department of Human Resources Attendance and Leave Manual definition of Discretionary Leave with Pay." In essence, Mr. Arnold seeks an advisory opinion.[2] The role of courts is to adjudicate legal rights, "not to give abstract or advisory opinions." *Thomas v. Shelby Cnty.*, 416 S.W.3d 389, 393 (Tenn. Ct. App. 2011) (citing *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cnty.*, 301 S.W.3d 196, 203 (Tenn. 2009)). For the reasons set out below, we have concluded that this case is moot.

The mootness doctrine is rooted in the idea that it is "'the province of a court . . . to decide, not advise, and to settle rights, not to give abstract opinions.'" *Norma Faye Pyles Lynch,* 301 S.W.3d at 203 (quoting *State v. Wilson,* 70 Tenn. 204, 210 (1879)). Thus, courts limit their role to deciding "'legal controversies.'" *Id.* (quoting *White v. Kelton,* 232 S.W. 668, 670 (Tenn. 1921)). A proceeding constitutes a legal controversy "when the disputed issue is real and existing, and not theoretical or abstract, and when the dispute is between parties with real and adverse interests." *Id.* (citations omitted). A plaintiff must establish that his or her case involves "a present, ongoing controversy" for it to be justiciable. *Alliance for Native Am. Indian Rights in Tenn., Inc. v. Nicely,* 182 S.W.3d 333, 338 (Tenn. Ct. App. 2005). "A case will be considered moot if it no longer serves as a means to provide some sort of judicial relief to the prevailing party." *Id.* This current case no longer serves as a means of providing relief to the appealing party, Mr. Arnold, because he can no longer receive additional unemployment benefits. The other

---

[2] An "advisory opinion" is defined as "[a] nonbinding statement by a court of its interpretation of the law on a matter submitted for that purpose." BLACK'S LAW DICTIONARY (10th ed. 2014).

relief he seeks is a declaration that would benefit other parties seeking unemployment benefits from the State, but not him. The appeal is, therefore, moot and must be dismissed.

CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Edward Ronny Arnold.

_____

ANDY D. BENNETT, JUDGE